UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4922

GEORGE ALBERT DANGERFIELD, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-98-212-AMD)

Submitted: June 13, 2000

Decided: September 14, 2000

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin Lipsitz, Baltimore, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Philip S. Jackson, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

George Albert Dangerfield, Jr. appeals his conviction and sentence for conspiracy to distribute cocaine. We affirm.

In 1997 and 1998, Maryland police officers conducted five controlled purchases from Dangerfield and intercepted numerous telephone calls. Their investigation culminated with Dangerfield's arrest as he drove back to Baltimore after a drug-buying excursion to New York.

Dangerfield contends that the vehicle stop during his return to Baltimore and the ensuing search of his car were unlawful because the police lacked probable cause and were required to obtain a warrant. We conclude the police had probable cause, however, based upon their interception of Dangerfield's phone conversations during his trip to New York. See United States v. Cortez, 449 U.S. 411, 419-21 (1981). Moreover, once they had probable cause, they were not required to obtain a warrant to stop and search Dangerfield's car. See Maryland v. Dyson, 527 U.S. 465, 467 (1999) (per curiam).

Dangerfield also asserts that the evidence was insufficient to support either his conspiracy conviction or his sentencing enhancement for being a manager of the conspiracy. We disagree. Viewed in the light most favorable to the Government, see Glasser v. United States, 315 U.S. 60, 80 (1942), the record contains ample evidence that Dangerfield and at least five associates engaged in a "concerted undertaking" to distribute cocaine to consumers, United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993). Moreover, in some of the telephone conversations intercepted by the police, Dangerfield gave instructions to these associates; accordingly, the district court did not err in finding that Dangerfield was a supervisor eligible for a four-level enhancement. See U.S.S.G. § 3B1.1(a); see also United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989) (stating that sentencing court's factual findings will be upheld unless clearly erroneous).

Finally, Dangerfield contends the court erred in computing his criminal history. He asserts that his two convictions for violating local

housing code ordinances should have been excluded from the court's calculations pursuant to <u>U.S. Sentencing Guidelines Manual</u> § 4A1.2(c)(1) (1998). We note that one of these convictions, however, resulted in a sentence of one year of probation and therefore was properly counted as part of Dangerfield's criminal history. <u>See</u> § 4A1.2(c)(1)(A). In light of this determination, we need not consider whether Dangerfield's other housing code conviction was properly counted, as his guidelines range would have been the same even if the other conviction had been excluded from his criminal history.

For these reasons, we affirm Dangerfield's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>