527 A.2d 52

STATE of Maryland

v.

Michael Joseph GRAZIANO.

STATE of Maryland

v.

Ralph Clifton WARD, Jr.

STATE of Maryland

v.

Garrett William WOODARD.

STATE of Maryland

v.

Courtney Anthony CARTWRIGHT.

Nos. 1576–1578 and 1600, Sept. Term, 1986.

Court of Special Appeals of Maryland.

June 15, 1987.

Valerie V. Cloutier, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Alexander Williams, Jr., State's Atty. for Prince George's County, Diane E. Adkins, Michele D. Hotten and Thomas A. McManus, Asst. State's Attys. for Prince George's County, Upper Marlboro, on the brief), for appellant.

Sandy David Baron (Goldstein & Baron, Chartered, College Park, on the brief), for appellee, Graziano.

No brief or appearance for other appellees.

Argued before WILNER, ROSALYN B. BELL and WENNER, JJ.

WILNER, Judge.

The Circuit Court for Prince George's County has unfortunately misconstrued Md. Rule 4-221(g) and thus erroneously dismissed criminal informations filed against appellees. We shall reverse those judgments and remand the cases.

The relevant factual circumstances in these four cases are similar. In each, a Statement of Charges was filed in the District Court charging the defendant with certain violations of the controlled dangerous substance laws that were beyond the jurisdiction of the District Court to try; the District Court held a preliminary hearing and found

probable cause to believe that the defendant committed the offenses charged; the State thereafter filed a criminal information in the Circuit Court, but the information was filed more than 30 days after the preliminary hearing; and the Circuit Court dismissed the criminal information as being untimely under Rule 4–221(g).

Maryland practice and procedure permit criminal charges to be filed against a defendant in the District Court whether or not that court has jurisdiction to try those charges. *See* Md. Rule 4–211. If the charge is beyond the jurisdiction of the District Court and must be tried in the Circuit Court, the State must eventually file either an indictment or a criminal information; the case cannot be tried in Circuit Court upon the Statement of Charges filed in the District Court. *See* Md. Rule 4–201(c). Md. Rule 4–221 must be considered in that context.

■ Rule 4–221(a) permits a defendant charged with a felony that is *not* within the trial jurisdiction of the District Court to request a preliminary hearing. The purpose of the hearing is not to try the case but "to take the state's case at face value and to determine therefrom whether a *prima facie* case exists to justify detaining a defendant while a grand jury or the state's attorney considers further action." *Ehrlich v. State,* 42 Md.App. 730, 741, 403 A.2d 371 (1979). That determination must necessarily be made by the District Court, for that is the court, and the only court, in which the action is then pending.

■ Sections (e) and (f) of the Rule set forth the procedure to be followed once the District Court makes its probable cause determination. If the court fails to find probable cause to support the charges, "it shall dismiss the charging document and release the defendant," the dismissal being "without prejudice." Rule 4–221(e). If probable cause is found, the District Court clerk must notify the State's Attorney of that fact. Section (f) then requires that, within 30 days after a finding of probable cause,

"the State's Attorney shall:

(1) File a charging document in circuit court;

(2) Amend the pending charging document or file a new charging document charging the defendant with an offense within the jurisdiction of the District Court; or

(3) Enter a nolle prosequi or have the charge marked stet on the docket as provided in Rules 4–247 and 4–248. After hearing on the record in the presence of the defendant and for good cause shown, the court may extend the time within which the State's Attorney shall take such action."

Section (g)—the section principally at issue here—then provides: "If the State's Attorney fails to comply with section (f) of this Rule, the court shall enter an order of dismissal for lack of prosecution. A dismissal pursuant to this section is without prejudice."

The Circuit Court construed section (g) as applying to the late-filed criminal information, which, in each case, is what it dismissed. The State argues that section (g) has no application in the Circuit Court or to the subsequently filed criminal information or indictment. It reads the Rule, correctly we think, as simply directing the District Court to dismiss a stale charge pending in that court.[1]

Rule 4–221 was derived from former Md. District Rule 727; indeed, sections (e), (f), and (g) are taken nearly verbatim from sections h., i., and j. of M.D.R. 727. Notwithstanding the unfortunate and possibly confusing use of the word "court" rather than "District Court" in section (g) of the current version of the Rule, it was, and is, a rule that applies to proceedings in the District Court and has nothing to do with the validity of an indictment or information subsequently filed in the Circuit Court. The obvious and necessary purpose of section (g) is to clear the District Court docket of a case over which that court has no further authority to act and, at the same time, to release the

---

**1.** Appellee Graziano claims that the State failed to preserve the issue as to him by acquiescing in the dismissal. We do not read the record as establishing an acquiescence.

defendant from the charge and from any harmful conse-quences of it. That limited function is clear not only from the general language and context of the Rule but also from the fact that the dismissal is "without prejudice." It would be anomalous—indeed absurd—for the Rule to require the Circuit Court to dismiss an information or indictment because it was not filed within 30 days after the preliminary hearing but then to permit the State, five minutes after the order of dismissal, to file a new, identical indictment or information.

JUDGMENTS REVERSED; APPELLEES, RESPECTIVELY, TO PAY THE COSTS.