761 A.2d 968

Jay Timothy LURZ

v.

STATE of Maryland.

No. 2298, Sept. Term, 1999.

Court of Special Appeals of Maryland.

Nov. 6, 2000.

Martha Weisheit, Asst. Public Defender (Stephen E. Harris, Public Defender on the brief), Baltimore, for appellant.

M. Jennifer Landis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Sandra A. O'Connor, State's Atty. for Baltimore County, Towson, on the brief), for appellee.

Submitted before SALMON, SONNER and JOHN J. BISHOP (Retired, specially assigned), JJ.

JOHN J. BISHOP, Judge, Retired, specially assigned.

Appellant Jay Timothy Lurz was convicted by a Baltimore County jury of first degree assault, first degree burglary, stalking, and resisting arrest. He presents five questions:

1. Was the Appellant improperly charged by criminal information in the circuit court?

2. Did the trial judge err in determining that the Appellant had waived his right to be represented by counsel under Rule 4–215(e)?

3. Did the trial judge make a proper determination of the Appellant's competency to be tried or to waive represen-

tation by counsel, after being informed by the prosecutor of the Appellant's mental health history?

4. Did the trial judge err in denying the motion to suppress?

5. Did the trial judge improperly deny Appellant's challenge for cause during jury selection?

We shall recount only those facts necessary to resolve the questions presented.

## I.

■■■ Appellant contends that he was improperly charged by a criminal information in the circuit court because the charging document was not filed in accordance with the requirements of Rule 4–201(c)(2) and, therefore, that the circuit court erred in denying his motion to dismiss.

### *The Law*

Article 27, § 592 provides, in pertinent part:

**§ 592. Charge by criminal information; right to preliminary hearing.**

(a) *Charge by criminal information.*—In all cases involving a felony, other than a felony within the jurisdiction of the District Court, in which the accused has not requested a preliminary hearing within ten days after being informed by the court or court commissioner of the availability of such a hearing, or in all cases in which a preliminary hearing has been held and probable cause to hold the accused has been found, the State's Attorney may charge by information.

(b) *Right to preliminary hearing.*—

(1) In any case where the defendant has been charged with a felony, other than a felony within the jurisdiction of the District Court, the defendant shall be advised by the court or court commissioner, at the time of the initial appearance required by Maryland Rule 4–213 of his right to request a preliminary

hearing. The defendant may make that request at the time of the initial appearance or at any time within ten days thereafter. If the defendant fails to request a preliminary hearing within the ten-day period, it is waived.

The Court of Appeals has implemented the statute by adopting Md. Rules 4–201 and 4–221, which provide, in pertinent part:

**Rule 4–201. Charging document—Use.**

(a) *Requirement.*—An offense shall be tried only on a charging document.

* * *

(c) *In the circuit court.*—In the circuit court, an offense may be tried

* * *

(2) on an information if the offense is . . . (C) any [felony not within the jurisdiction of the District Court] and lesser included offense if . . . the defendant has been charged with the felony as to which a preliminary hearing has been waived . . .

**Rule 4–221. Preliminary hearing in District Court.**

(a) *Request and waiver.*—A defendant charged with a felony that is not within the jurisdiction of the District Court may request a preliminary hearing at or within ten days after an initial appearance pursuant to Rule 4–213(a). The preliminary hearing shall be held in the District Court. Failure to make a timely request is a waiver of a preliminary hearing, unless the court orders otherwise. Within three days after a defendant waives a preliminary hearing expressly or by not making a timely request, the clerk shall forward to the State's Attorney a written notice of the waiver or a copy of the docket entries showing the waiver. Within ten days after a defendant waives a prelimi-

nary hearing, the State may request a preliminary hearing.

\* \* \*

(f) *Action required by State's Attorney.*—Within 30 days after a finding by the court of probable cause or within 30 days after the defendant waives a preliminary hearing, the State's Attorney shall:

(1) File a charging document in circuit court;

(2) Amend the pending charging document or file a new charging document charging the defendant with an offense within the jurisdiction of the District Court; or

(3) Enter a nolle prosequi or have the charge marked stet on the docket as provided in Rules 4–247 and 4–248.

After hearing on the record in the presence of the defendant and for good cause shown, the court may extend the time within which the State's Attorney shall take such action.

(g) *Dismissal for lack of prosecution.*—If the State's Attorney fails to comply with section (f) of this Rule, the court shall enter an order of dismissal for lack of prosecution. A dismissal pursuant to this section is without prejudice.

### *Chronology*

The following is a chronology of the pertinent events:

**9–14–98** = Appellant appeared before a District Court Commissioner pursuant to Md. Rule 4–213 and was advised

"that he has a right to have a preliminary hearing by request made now or within ten days; that failure to make a timely request will result in waiver of such hearing. Defendant defers election." (R. 16)

**9–28–98** = The clerk of the District Court sent a "Notice to State's Attorney" indicating that Appellant

"failed to request a preliminary hearing within 10 days after initial appearance, thereby waiving right to a preliminary hearing. 9/24/98

\* \* \*

As a result of the above action, you have 30 days from the above date to comply with the provisions of Maryland Rule 4–221. 10/26/98" (R. 22)

**10–20–98** (?) = A "letter" on State's Attorney letterhead, dated October 16, 1998, To: Jane, From: Babs, states:

"Request a hearing for the purpose of amending count 7 *only*."

It does not bear a date stamp, but the following is handwritten on it:

"11–4–98 PH

Copy to Babs, SAO

10–20–98" (R. 24)

**11–4–98** = A District Court "Defendant Trial Summary" recites:

"The Preliminary Hearing in the above case was POST-PONED today, 11/04/98

REASON: 995; STATE REQ.

You will be notified of your next trial/hearing."

Handwritten:

"PH 11/25/98" (R. 26)

**11–25–98** = A District Court "Felony Docket" form recites:

"Cnt 7 amended as to dates." (R. 36)

On that same date, a District Court "Defendant Trial Summary" recites:

"The Preliminary Hearing in the above case was POST-PONED today, 11/25/98" (R. 38)

**12–4–98** = A Criminal Information was filed in the Circuit Court for Baltimore County. (R. 4–9)

On March 8, 1999, the circuit court conducted a suppression hearing at which Appellant moved to dismiss the charges on

the ground that the criminal information was not filed within the time permitted by Md. Rule 4–221(f)(1). That motion was ultimately decided:

THE COURT: ... He was given his right to a preliminary hearing. He had ten days to file a request for one. He didn't file it.

[DEFENSE COUNSEL]: The State then filed a request for one, which wasn't held, according to Mr. Lurz's statement.

THE COURT: Then it was continued and then a criminal information occurred. I don't see—your argument is convoluted and perhaps I don't understand it but it is denied.

Appellant appeared for trial on June 2, 1999, and he renewed his motion to dismiss:

[DEFENSE COUNSEL]: Your Honor, we had a motions hearing, I believe it was on March eighth. At that time I made a Motion to Dismiss on the grounds that the charges in this case were not properly filed. That was based on Mr. Lurz's denial of a preliminary hearing or at least a denial of his rights to have the procedure followed regarding a preliminary hearing. I would advise the Court something of which [the hearing judge] was not aware. Mr. Lurz indicates he did in fact demand a preliminary hearing, but for some reason due to some clerical error, that never made it to the file. Unfortunately, I am probably stuck with the clerical error. But for the record Mr. Lurz indicates he did in a timely fashion demand a preliminary hearing. He indicates he did that not initially, when he appeared in front of the District Court Commissioner, but about 24 hours later, when he appeared in front of a District Court Judge for a bail review, it was then that he indicates he did demand a preliminary hearing. That somehow didn't make it to the file and that wish of his was never carried out.

THE COURT: Do you have any verification of that fact?

[DEFENSE COUNSEL]: No, sir.

MR. LURZ: Excuse me, could I speak?

THE COURT: Yes.

MR. LURZ: Okay, what happened was, I told him I wasn't actually sure if I had filed(sic) through at the, what was it, bail review when I was informed about it, but while I was in the Baltimore County jail, I had sent, I had asked the Police Department, who I spoke to, to file for the preliminary hearing. And on, what was it, it was on September 23rd, I have the letter, it says a review preliminary hearing will be held, which was within the ten day period of when I requested it. So at that time I thought my request had been put in, because I had received a letter within ten days.

THE COURT: Well, do you have a letter or any other document indicating that you requested a preliminary hearing?

[DEFENSE COUNSEL]: Your Honor, I think what he's indicating is that my office wrote to him indicating there would be a preliminary hearing. I am understanding him to say that he doesn't have any documentation from the court itself, is that correct, Mr. Lurz?

THE DEFENDANT: Yes. Right here on September 23rd, and I was locked up on September 14th. This was nine days and I received this letter from the Public Defender's Office stating I was going to have a preliminary hearing. So, my understanding was that my request had been filed.

[DEFENSE COUNSEL]: I would hand up to the Court a copy of the letter that he has, or the letter he has handed to me. It's a letter signed by Ms. Chappell of our office. I believe it simply indicates the charging procedure, just informing him that we are going to be representing him, this is a felony case, and the usual procedures will be followed and one of those things that's mentioned is a preliminary hearing.

A lengthy colloquy ensued, involving the court, both counsel, and Appellant, during which Appellant quoted sections (g) and (f) of Rule 4–221. He argued that the State's failure to file a criminal information within the time permitted by Rule 4–

221(f) precluded his being charged in the circuit court on a charging document other than an indictment. The court denied the renewed motion, commenting, *inter alia*, that "I am satisfied that the State requested a preliminary hearing within the ten day period of time."

On appeal, Appellant asserts that the "new evidence" (his assertion that he requested a preliminary hearing and the letter from the Public Defender's Office) introduced during the renewal of his motion to dismiss required the court to make a finding of fact. He notes that the trial judge was "clearly erroneous" in finding that the State made a timely request for a preliminary hearing in the District Court. He makes much ado about whether the State's request was timely, whether a preliminary hearing was held at all, and whether the criminal information was filed within the time permitted by Rule 4–221(f). We think it is much ado about nothing.

As Judge Moylan noted in *Tyler v. State,* 105 Md.App. 495, 514, 660 A.2d 986 (1995), *rev'd* 342 Md. 766, 679 A.2d 1127 (1996):

> If the ruling was correct for the reasons advanced by the trial judge, it will be affirmed. If it turns out to have been correct for any other reason, it will also be affirmed. We are not scrutinizing the trial court's reasoning in arriving at his decision. We are scrutinizing the naked decision itself. *State v. Breeden,* 333 Md. 212, 227 n. 5, 634 A.2d 464 (1993); *Robeson v. State,* 285 Md. 498, 502, 403 A.2d 1221 (1979); *Aubinoe v. Lewis,* 250 Md. 645, 649, 244 A.2d 879 (1968).

The question before us is whether the circuit court was correct in denying the motion to dismiss. From our review of the record, we are satisfied that:

1. The appellant did not request a preliminary hearing in the District Court.

2. The State did not make a timely request for a preliminary hearing in the District Court.

3. No preliminary hearing was held in the District Court.

4. The criminal information filed in the circuit court was not filed within the time permitted by Rule 4–221(f).

Of the four matters listed, only the first is material to our decision.

The case of *State v. Graziano*, 71 Md.App. 652, 527 A.2d 52, *cert. denied*, 311 Md. 324, 534 A.2d 991 (1987), also involved criminal informations filed beyond the time permitted by Rule 4–221(f). Relying on Rule 4–221(g), the Circuit Court for Prince George's County dismissed several criminal informations. This Court reversed. Judge Wilner explained:

The Circuit Court construed section (g) as applying to the late-filed criminal information, which, in each case, is what it dismissed. The State argues that section (g) has no application in the Circuit Court or to the subsequently filed criminal information or indictment. It reads the Rule, correctly we think, as simply directing the District Court to dismiss a stale charge pending in that court.

Rule 4–221 was derived from former Md. District Rule 727; indeed, sections (e), (f), and (g) are taken nearly verbatim from sections h., i., and j. of M.D.R. 727. Notwithstanding the unfortunate and possibly confusing use of the word "court" rather than "District Court" in section (g) of the current version of the Rule, it was, and is, a rule that applies to proceedings in the District Court and has nothing to do with the validity of an indictment or information subsequently filed in the Circuit Court. The obvious and necessary purpose of section (g) is to clear the District Court docket of a case over which that court has no further authority to act and, at the same time, to release the defendant from the charge and from any harmful consequences of it. That limited function is clear not only from the general language and context of the Rule but also from the fact that the dismissal is "without prejudice." It would be anomalous—indeed absurd—for the Rule to require the Circuit Court to dismiss an information or indictment because it was not filed within 30 days after the preliminary hearing but then to permit the State, five minutes after the

order of dismissal, to file a new, identical indictment or information.

71 Md.App. at 655–56, 527 A.2d 52. The same reasoning is equally applicable here. The circuit court did not err in denying the motion to dismiss.

## II.

■ Appellant contends that the trial judge erred in determining that he had waived his right to be represented by counsel under Rule 4–215(e), which provides:

**Rule 4–215. Waiver of counsel.**

\* \* \*

(e) *Discharge of counsel—Waiver.*—If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel, it shall comply with subsections (a)(1)-(4) of this Rule if the docket or file does not reflect prior compliance.

On the first day of trial, Appellant wanted to discharge the attorney assigned to his case by the Public Defender's Office, Edward Barry. Appellant acknowledged, upon questioning by Mr. Barry, his assigned counsel, that a postponement on that basis had already been denied and that Appellant would be required to proceed without an attorney unless Mr. Barry represented him. Upon questioning by the court, however,

Appellant equivocated, indicating that he wanted substitute counsel and that he would like Mr. Barry to remain "as an advisor." The court then proceeded to question Appellant, *inter alia:*

THE COURT: You understand by discharging Mr. Barry and waiving your right to counsel would require you to represent yourself at trial; do you understand that?

THE WITNESS: Yes.

THE COURT: Do you understand that your decision to waive counsel and represent yourself may hurt you at trial, since you do not have the special training of a lawyer? Do you understand that?

THE WITNESS: Yes, I do.

THE COURT: Do you understand that if you decide to represent yourself, you will be expected to comply with all relevant rules for the trial of this case.

THE WITNESS: Yes.

THE COURT: And you will be held to the same standards and rules of procedure as if you were an attorney. Do you understand all that?

THE WITNESS: Yes, sir.

THE COURT: Do you understand that you will not be able to complain if you are convicted of any of these charges, that you made a mistake in representing yourself? Do you understand that?

THE WITNESS: Yes, sir.

THE COURT: Do you still wish to waive or give up your right to have counsel represent you on these charges?

THE WITNESS: Yes, I do.

THE COURT: And are you making that decision knowingly, voluntarily, of your own free will?

THE WITNESS: Yes.

THE COURT: Is anyone forcing you into making that decision?

THE WITNESS: No.

THE COURT: All right, the Court finds that the Defendant knowingly and voluntarily waived his right to counsel. The Court will accept the Defendant's express waiver and insure that the file or docket adequately reflects this Court's action in compliance with Rule 4–215(a)(1)–(4).

Now, do you wish Mr. Barry to remain as what is referred to as stand-by counsel, that is, you may confer with him or receive advice from him if you have a question during the course of this trial, but he may not ask any questions and he may not participate in the trial of the case? Do you understand that?

THE WITNESS: Yes.

THE COURT: Do you wish Mr. Barry to remain as standby counsel?

THE WITNESS: Yes.

MR. BARRY: May I be heard on that question?

THE COURT: Just a moment. All right. The Court finds that there is meritorious reason for the Defendant to discharge his counsel and the Court has informed the Defendant that this trial will proceed as scheduled with the Defendant unrepresented by counsel. And the Court has, as previously stated, informed the Defendant of his rights under Rule 4–215(a)(1)–(4). And the Court specifically finds that Defendant has made his waiver knowingly, voluntarily, of his own free will.

All right, Mr. Barry, I'll hear from you.

MR. BARRY: Thank you, Your Honor. Two things. One, based on the Court's comments just now, the Court indicated that there was, I don't remember the exact words, but a basis for his request. That causes me some concern. Is the Court saying that I have done something where I have been less than adequate or is the Court simply stating that Mr. Lurz has the right and elected that right?

THE COURT: If I found there was no meritorious reason for the Defendant's request. Then under Rule 4–215(e), I could not permit Mr. Lurz to discharge you. I have to find, as I understand it, that there was a meritorious

reason for the Defendant's request and permit him to discharge you.

MR. LURZ: Okay. Thank you. Your Honor, the reason—

THE COURT: So, I am finding that in Mr. Lurz's eyes, there's meritorious reason for his request. I am not passing on the reasons he's stated that there was evidence of dishonesty of your part. I find that there is no evidence that's been presented to me to support that allegation.

He claims that you have not requested that the transcript of the motions hearing be transcribed. That has been discussed and apparently no request has been made, but, you have copies of the police reports and you have notes of what the police officer's testified to at the motions hearing. So I find that Mr. Lurz has not been prejudiced by the failure to have the transcript itself.

Mr. Lurz has complained that you have failed to subpoena certain witnesses. I would assume that in your judgment, you decided not to subpoena certain witnesses because you didn't believe it would be favorable to Mr. Lurz, is that accurate?

MR. LURZ: Yes, sir, it would.

THE COURT: And Mr. Lurz also complained that you did not obtain the 911 tapes, whereas you did obtain the 911 tapes and Mr. Lurz admits that he listened to them in the lock up this afternoon. So, although I don't find that there are meritorious reasons, Mr. Lurz believes that there are meritorious reasons and has made that request. Because of that, I will permit him to discharge you as his attorney.

In his brief, appellant argues that the court's belief that it had to find "that there was a meritorious reason for the Defendant's request and then permit him to discharge [counsel]" shows that the court had a "misunderstanding of the procedures that the court must follow in finding a waiver of counsel." Appellant believes the court's initial misunderstanding entitles him to a new trial. We are satisfied that the court's ultimate finding that "I don't find that there were

meritorious reasons," coupled with the extensive questioning we have recounted, was sufficient to show compliance with Rule 4–215(e).

■■■ If the court finds that there is a meritorious reason for discharge of counsel the defendant is entitled to a post-ponement. If the court finds that there is no meritorious reason, the court may permit the discharge of counsel and, after advising defendant of the possible consequences, require defendant to proceed without counsel.

## III.

■■ Appellant contends that the court failed to make a proper determination of his competency in accordance with § 12–103(a) of the Health General Article of the Maryland Code:

### § 12–103. Court determination of competency.

(a) *Hearing.*—If, before or during a trial, the defendant in a criminal case appears to the court to be incompetent to stand trial or the defendant alleges incompetence to stand trial, the court shall determine, on evidence presented on the record, whether the defendant is incompetent to stand trial.

During the court's questioning regarding Appellant's waiver of counsel, he told the court that he had not been under the care of a psychiatrist or a patient in a mental institution. Prior to jury selection, the prosecutor informed the court that she possessed information indicating that the appellant had been a patient at Sheppard Pratt "as recently as last summer" and that he was in a facility called Gundry Glass and "at some point was under medication." She wanted the court "to be sure you satisfy yourself that he understands what is going on in light of that." The court then questioned Appellant:

THE COURT: Mr. Lurz, when I questioned you earlier, I asked you whether or not you had ever been treated for mental disease or examined or evaluated by a psychiatrist. You told me that you had not. I am now informed by [the

prosecutor] that you were in Sheppard Pratt Hospital at one time, is that correct?

THE WITNESS: No, sir. It was a drug program I was attending, out patient.

THE COURT: You were in some other facility called Glass?

[PROSECUTOR]: Gundry Glass.

THE COURT: Gundry Glass.

THE WITNESS: Not to my—

THE COURT: Are you taking any medications at the present time?

THE WITNESS: No, sir.

THE COURT: The fact that you were in Sheppard Pratt for some drug program and perhaps had been in Gundry Glass for some type of problem, would that in any way prevent you from knowing what is going on here today?

THE WITNESS: No, sir.

THE COURT: Do you fully understand the questions I previously asked you?

THE WITNESS: Yes, sir.

THE COURT: And you are not taking any medications so that there's no medication or mental disease or mental problem that is affecting your ability to understand what is going on here, is that correct?

THE WITNESS: No, sir.

THE COURT: Once again, you want to proceed with this trial representing yourself, correct?

THE WITNESS: Yes, I do.

THE COURT: You are making that decision of your own free will, voluntarily and knowingly?

THE WITNESS: Yes.

THE COURT: All right. You can return to your seat.

Appellant contends that "[t]he information provided by the prosecutor raised a genuine question as to Appellant's competence, not only his competence to waive his right to counsel

but his competency to stand trial at all," thus triggering the requirement in § 12–103(a) that the court "determine, on evidence presented on the record, whether the defendant is incompetent to stand trial."

 Appellant correctly notes that the issue of incompetency may be raised by the prosecutor or by the court *sua sponte. Langworthy v. State,* 46 Md.App. 116, 126, 416 A.2d 1287, *cert. denied,* 288 Md. 738 (1980), *cert. denied,* 450 U.S. 960, 101 S.Ct. 1419, 67 L.Ed.2d 384 (1981). There was no request that Appellant's competency be determined in accordance with § 12–103. The prosecutor requested that the court consider the information she provided in order to be sure that Appellant understood "what is going on in light of" that information. The court was not requested to make a competency determination and there was nothing in Appellant's responses to the court's questions or the information provided by the prosecutor that provided any basis for the court, *sue sponte,* to order one.

## IV.

 Appellant next contends that the court erred in denying his motion to suppress a shotgun seized in the course of a warrantless search of his automobile. He does not dispute the existence of probable cause, but argues that there was no exigency justifying the failure to obtain a warrant. He relies in part on *Dyson v. State,* 122 Md.App. 413, 426–28, 712 A.2d 573, *cert. denied,* 351 Md. 287, 718 A.2d 235 (1998), as authority for the proposition that exigency must be shown to justify a warrantless search of an automobile. That reliance, alas, is misplaced.

In *Maryland v. Dyson,* 527 U.S. 465, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999), the United States Supreme Court, in a three-page per curiam opinion, summarily reversed our decision as a "demonstrably erroneous application of federal law." The Court reiterated that "the 'automobile exception' has no separate exigency requirement." The Court noted that our holding that the automobile exception to the warrant require-

ment requires a separate finding of exigency in addition to a finding of probable cause "is squarely contrary to" the Court's prior holdings.

## V.

The court refused Appellant's request to strike juror number 339. Appellant then used a peremptory strike to remove the juror. Appellant contends the court committed an error entitling him to a new trial.

A criminal defendant is entitled to a trial by an impartial jury, but a claim that the jury was not impartial must focus on the jurors who actually served. *Grandison v. State,* 341 Md. 175, 216, 670 A.2d 398 (1995). Appellant used one of his peremptory challenges to remove the juror at issue, but he makes no claim that any juror who actually served was in any way incompetent. *Id.* See also *Ross v. Oklahoma,* 487 U.S. 81, 87, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988). Appellant is not entitled to a new trial.

**JUDGMENTS AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**