## MARYLAND v. DYSON

No. 98–1062.   Decided June 21, 1999

PER CURIAM.

In this case, the Maryland Court of Special Appeals held that the Fourth Amendment requires police to obtain a search warrant before searching a vehicle which they have probable cause to believe contains illegal drugs.   Because this holding rests upon an incorrect interpretation of the automobile exception to the Fourth Amendment's warrant requirement, we grant the petition for certiorari and reverse.

At 11 a.m. on the morning of July 2, 1996, a St. Mary's County (Maryland) Sheriff's Deputy received a tip from a reliable confidential informant that respondent had gone to New York to buy drugs, and would be returning to Maryland in a rented red Toyota, license number DDY 787, later that day with a large quantity of cocaine.   The deputy investi-

gated the tip and found that the license number given to him by the informant belonged to a red Toyota Corolla that had been rented to respondent, who was a known drug dealer in St. Mary's County. When respondent returned to St. Mary's County in the rented car at 1 a.m. on July 3, the deputies stopped and searched the vehicle, finding 23 grams of crack cocaine in a duffel bag in the trunk. Respondent was arrested, tried, and convicted of conspiracy to possess cocaine with intent to distribute. He appealed, arguing that the trial court had erroneously denied his motion to suppress the cocaine on the alternative grounds that the police lacked probable cause, or that even if there was probable cause, the warrantless search violated the Fourth Amendment because there was sufficient time after the informant's tip to obtain a warrant.

The Maryland Court of Special Appeals reversed, 122 Md. App. 413, 712 A. 2d 573 (1998), holding that in order for the automobile exception to the warrant requirement to apply, there must not only be probable cause to believe that evidence of a crime is contained in the automobile, but also a separate finding of exigency precluding the police from obtaining a warrant. *Id.*, at 424, 712 A. 2d, at 578. Applying this rule to the facts of the case, the Court of Special Appeals concluded that although there was "abundant probable cause," the search violated the Fourth Amendment because there was no exigency that prevented or even made it significantly difficult for the police to obtain a search warrant. *Id.*, at 426, 712 A. 2d, at 579. The Maryland Court of Appeals denied certiorari. 351 Md. 287, 718 A. 2d 235 (1998). We grant certiorari and now reverse.

The Fourth Amendment generally requires police to secure a warrant before conducting a search. *California* v. *Carney,* 471 U. S. 386, 390–391 (1985). As we recognized nearly 75 years ago in *Carroll* v. *United States,* 267 U. S. 132, 153 (1925), there is an exception to this requirement for searches of vehicles. And under our established precedent, the "automobile exception" has no separate exigency re-

quirement.    We made this clear in *United States* v. *Ross*, 456 U. S. 798, 809 (1982), when we said that in cases where there was probable cause to search a vehicle "a search is not unreasonable if based on facts that would justify the issuance of a warrant, *even though a warrant has not been actually obtained.*" (Emphasis added.)    In a case with virtually identical facts to this one (even down to the bag of cocaine in the trunk of the car), *Pennsylvania* v. *Labron*, 518 U. S. 938 (1996) *(per curiam)*, we repeated that the automobile exception does not have a separate exigency requirement: "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." *Id.*, at 940.

In this case, the Court of Special Appeals found that there was "abundant probable cause" that the car contained contraband.    This finding alone satisfies the automobile exception to the Fourth Amendment's warrant requirement, a conclusion correctly reached by the trial court when it denied respondent's motion to suppress.    The holding of the Court of Special Appeals that the "automobile exception" requires a separate finding of exigency in addition to a finding of probable cause is squarely contrary to our holdings in *Ross* and *Labron*.    We therefore grant the petition for writ of certiorari and reverse the judgment of the Court of Special Appeals.*

*It is so ordered.*

---

*JUSTICE BREYER in dissent suggests that we should not summarily reverse a judgment in a criminal case, even though he agrees with this opinion as a matter of law.    But to adopt that position would simply leave it in the hands of a respondent—who had obtained a lower court judgment manifestly wrong as a matter of federal constitutional law—to avoid summary reversal by the simple expedient of refusing to file a response. While we have on occasion appointed an attorney to file a brief as *amicus curiae* in a case where we have *granted* certiorari, in order to be sure that the argued case is fully briefed, we have never done so in cases which we have summarily reversed.    The reason for this is that a summary reversal does not decide any new or unanswered question of law, but simply corrects a lower court's demonstrably erroneous application of federal law.

JUSTICE BREYER, with whom JUSTICE STEVENS joins, dissenting.

I agree that the Court's *per curiam* opinion correctly states the law, but because respondent's counsel is not a member of this Court's bar and did not wish to become one, respondent has not filed a brief in opposition to the petition for certiorari. I believe we should not summarily reverse in a criminal case, irrespective of the merits, where the respondent is represented by a counsel unable to file a response, without first inviting an attorney to file a brief as *amicus curiae* in response to the petition for certiorari. For this reason, I dissent.