JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
A jury found Barron Brown, the defendant-appellant, guilty of one count of possession of heroin, a violation of R.C. 2925.11(A), one count of trafficking in heroin, a violation of R.C. 2925.03(A)(2), and one count of conspiracy, a violation of R.C. 2923.01(A)2). The first two counts contained a specification that the heroin involved equaled or exceeded 250 grams. After finding Brown to be a major drug offender, the trial court sentenced him to a total of twenty-seven years in the Ohio Department of Corrections.
In his first assignment of error, Brown argues that the trial court erred in denying his motion to suppress evidence. Brown was arrested with his companion, Rhonda Roseman, as the two were driving back to Cincinnati from New York with the heroin. The police, specifically agents of the Regional Narcotics Unit (RENU), had developed information from an informant that the two were going to travel to New York from Cincinnati to bring back a supply of the drug. RENU agents had therefore set up surveillance of the vehicle in cooperation with other law enforcement entities. The surveillance tracked the car's departure, monitored its presence in New York, and resulted in a telephone call to RENU on August 2, 2003, informing the agent in charge, Kyle Ingram, that the vehicle was returning to Cincinnati on that date. Asked why RENU agents had not attempted to procure a warrant to search the vehicle when it was stopped, Ingram replied that it might have been possible to procure one, but "because of the chances that the vehicle should stop somewhere else, [Brown and Roseman] could stay overnight somewhere else, they could do any hundreds of different things that would preclude them from coming to Cincinnati on that date and time, we didn't get one * * *."
The police set up units on an interstate highway north of Cincinnati to intercept Brown and Roseman's vehicle. Brown was driving the vehicle when it was stopped. The vehicle was searched, and 400 grams of heroin were found in Roseman's bag.
Brown challenges the warrantless search of the vehicle. Brown concedes that the police had probable cause to believe that he was transporting heroin, and he acknowledges the general exception to the warrant requirement for automobiles. SeeMaryland v. Dyson (1999), 527 U.S. 465, 119 S.Ct. 2013. However, he argues that the usual exigencies attaching to the mobility of an automobile were not applicable in this case because the police had the vehicle under constant surveillance. Indeed, he maintains that "[t]he car theoretically never left RENU's sight." Consequently, he argues, the police should have been required to obtain a warrant before stopping the vehicle.
Dyson, however, refutes the contention that the automobile exception is any longer premised upon a showing of exigency. As the Supreme Court made clear, "`If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment * * * permits police to search the vehicle without more.'" Id. at 467, 119 S.Ct. 2013, quotingPennsylvania v. Labron (1966), 518 U.S. 938, 940,116 S.Ct. 2485 (ellipsis in original). Brown's first assignment of error is, therefore, overruled.
In his second assignment of error, Brown contends that there was insufficient evidence to convict him on all the charges. Our review of the evidence, however, convinces us that the jury could have reasonably found him guilty beyond a reasonable doubt on all three counts. See State v. Thompkins, 78 Ohio St.3d 380, 386,1997-Ohio-52, 678 N.E.2d 541. Although Brown specifically challenges the sufficiency of the evidence to convict him of conspiracy, his argument fails to address the testimony of Roseman, who described in detail how Brown had schemed with Hasan Rasheed, the ringleader of the illicit enterprise, to bring the heroin back to Cincinnati.
We do note, however, that under R.C. 2923.01(G) Brown could not have been separately convicted of both conspiracy to commit a specific offense and the specific offense itself. This fact was brought to the court's attention prior to sentencing, but the state requested that the court not strike the conspiracy conviction on the possibility, no matter how remote, that this court might invalidate either or both of Brown's convictions for possession and trafficking in heroin. In short, the prosecution did not want to jettison the conspiracy conviction until it was assured that the two other convictions would withstand appellate review. The prosecution stated that if these specific convictions were upheld on appeal, "[t]he court of appeals can always order [the conspiracy conviction] dismissed, or we can dismiss it at a later date." The trial court granted the state's request by maintaining the conspiracy conviction but imposing only a concurrent prison term.
Accordingly, Brown's first assignment of error is overruled. His second assignment of error has merit, but only to the extent that his conspiracy conviction was contrary to law in light of the evidence supporting his convictions for possession and trafficking in heroin. We therefore affirm the convictions for possession and trafficking, and we reverse the conviction for conspiracy.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Doan and Gorman, JJ.