**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jacob FREEMYER, Defendant–Appellant.**

No. 06–10348.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 16, 2007.

Craig S. Denney, Esq., USRE—Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Richard F. Cornell, Esq., David R. Houston, Esq., Reno, NV, for Defendant–Appellant.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Jacob Freemyer appeals from the district court's order denying his motion to suppress the evidence supporting his conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), on the grounds that the warrantless search of his vehicle was invalid under the Fourth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Under the automobile exception to the Fourth Amendment's warrant requirement, officers may search an automobile without a warrant so long as they have probable cause. *See California v. Acevedo,* 500 U.S. 565, 569, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991); *United States v. Ibarra,* 345 F.3d 711, 715 (9th Cir.2003).

Here, the district court correctly found that officers had probable cause to search Freemyer's vehicle, *see Ibarra,* 345 F.3d at 716, and the warrantless search was therefore valid under the automobile exception. *See Maryland v. Dyson,* 527 U.S. 465, 466–67, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999) (holding that the automobile exception has no separate exigency requirement).

**AFFIRMED.**

---

ed by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.