COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-047-CR

 

 

DARRELL JAY KEEHN                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                   OPINION
ON REMAND

 

                                              ------------








Appellant Darrell Jay Keehn
perfected an appeal challenging the trial court=s ruling on his motion to suppress. 
He raised one issue challenging the trial court=s denial of his motion to suppress, and we overruled it and affirmed
the trial court=s judgment.  See Keehn v. State, 223 S.W.3d 53
(Tex. App.CFort Worth),
vacated and remanded, 233 S.W.3d 348 (Tex. Crim. App. 2007).  The court of criminal appeals granted Keehn=s petition for review, vacated our judgment, and remanded the case to
us to Aaddress every issue raised and necessary to final disposition of the
appeal.@  See Keehn, 233 S.W.3d
at 349 (quoting Tex. R. App. P.
47.1).  But our original opinion did
address every issue raised; Keehn raised only one issue.[1]  Apparently the court of criminal appeals was
dissatisfied that we did not expressly address one of the contentions asserted
by Keehn within the argument portion of his brief in our court, that beingCaccording to the court of criminal appealsCAwhether the officers had a lawful right to enter the van based on
plain view alone.@[2] 

In our original opinion, we
set forth the findings and conclusions made by the trial court following the
suppression hearing, including:

6.  The peace officers had probable cause to
believe that a crime was being committed and therefore had the right to seize
the propane tank from the van.

 

Keehn, 223
S.W.3d at 56.  Likewise, after eleven
pages of analysis, our opinion concluded,








Viewing
the evidence in the light most favorable to the trial court=s
ruling,  we hold that law enforcement
officers had probable cause to believe that the propane tankClocated
inside the van that was parked in the driveway in front of Keehn=s
homeCwas
associated with criminal activity.  See
Kelly, 204 S.W.3d at 818.  It was
thus immediately apparent that the propane tank constituted evidence of a
crime.  See Walter, 28 S.W.3d at
541.  Because Deputy Deford and Officer
Spragins had a lawful right to be on Keehn=s driveway when they observed
the tank, and because it was immediately apparent that the propane tank
constituted evidence of a crime, the State met its burden of proving the
reasonableness of the search and seizure by establishing the
applicability of the plain view doctrineCa Aspecifically
defined and well-established@ exception to the warrant
requirement.  See McGee, 105
S.W.3d at 615.  Accordingly, we overrule
Keehn=s
sole point.

 








Keehn, 223
S.W.3d at 59 (emphasis added).  Thus, by
having held that the officers had a lawful right to be on Keehn=s driveway where they observed the tank, and by having held that it
was immediately apparent to the officers that the propane tank constituted
evidence of a crime, and by having held that the State established the Aplain-view exception@ to the warrant requirement, we believe that we didCat least implicitlyCaddress whether the officers had a lawful right to seize the
propane tank, that is, enter the van based on plain view alone, the purportedly
unaddressed argument under Keehn=s sole issue which the court of criminal appeals remanded to us for
disposition.  See Keehn, 233
S.W.3d at 349 (setting forth purportedly unaddressed argument); Martinez v.
State, 17 S.W.3d 677, 685 (Tex. Crim. App. 2000) (disposing of issue of
alleged illegal seizure of gun belt on seat of automobile by applying plain
view doctrine); see also 3 Wayne
R. LaFave, Search and Seizure ' 7.5(a) (4th ed. 2004) (recognizing and discussing case law
holding that seizure of an item in plain view inside an automobile parked on
private property is authorized when police are lawfully present on the property
at the precise point where the observation is made and when the police have
probable cause to believe the item in plain view constitutes evidence of a
crime).  We now hereby make that
disposition explicit.








To the extent that Keehn=s sole issue contains a sub-argument that the plain view doctrine did
not authorize the officers to open the unlocked door of the van to seize the
propane tank, when, for the reasons set forth in our prior opinion they had a
lawful right to be on Keehn=s driveway where they observed the tank, and which, for the reasons
set forth in our prior opinion, they had probable cause to believe constituted
evidence of a crime, we expressly reject that argument.  See Martinez, 17 S.W.3d at 685
(holding, AWe agree
with the State that the gun belt was properly obtained [from the appellant=s vehicle] under the plain view seizure doctrine@); Ramos v. State, 934 S.W.2d 358, 365 (Tex. Crim. App. 1996)
(recognizing items not encompassed within search warrant were nonetheless
validly seized pursuant to Aplain view seizure@ doctrine), cert. denied, 520 U.S. 1198 (1997); State v.
Haley, 811 S.W.2d 597, 599 (Tex. Crim. App. 1991) (holding, AIt has been very well settled that items in Aplain view@ may be
seized by law enforcement personnel@ if the requirements of the plain view doctrine are met); Ramirez
v. State, 105 S.W.3d 730, 745 (Tex. App.CAustin 2003, no pet.) (upholding seizure of drug paraphernalia from
appellant=s garage
under Aplain-view-seizure doctrine@).[3]  See also LaFave, supra, at ' 7.5(a).

We affirm the trial court=s judgment.      

 

SUE WALKER

JUSTICE 

 

PANEL B:   LIVINGSTON, WALKER, and MCCOY, JJ.

 

PUBLISH

 

DELIVERED: November 29, 2007











[1]Our
original opinion expressly disposed of Keehn=s primary arguments and we do
not address those again here.





[2]This
language does not appear in Keehn=s brief.  The closest Keehn=s
brief in our court comes to raising this argument is AC.  Did the officer have a lawful right of access
to the object itself?@ 





[3]And,
alternatively, police also possessed authority to open the unlocked van door
and to seize the propane tank pursuant to the automobile exception to the
warrant requirement.  See Maryland v.
Dyson, 527 U.S. 465, 467, 119 S. Ct. 2013, 2013 (1999) (explaining that AIf a
car is readily mobile and probable cause exists to believe it contains contraband,
the Fourth Amendment . . . permits police to search the whole vehicle without
more@ and
rejecting the proposition that exigent circumstances are necessary to trigger
the Aautomobile
exception@ to
the warrant requirement); Amos v. State, 819 S.W.2d 156, 161 (Tex. Crim.
App. 1991) (holding that A[o]nce
probable cause to believe that the car contained evidence of a crime was
established, the officers could conduct a valid search of the car immediately,
without a warrant@), cert.
denied, 504 U.S. 917 (1992).