# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2008

Charles R. Fulbruge III
Clerk

No. 06-41539

SHARON E NAILL, and other similarly situated females; JOHN EDWARD JONES

Plaintiffs - Appellants

v.

CESAR BENAVIDES; RODRIGO RUIZ; MAYOR BETTY FLORES, Individually and in her Official Capacity as Mayor for the City of Laredo; III AGUSTIN DOVALINA, Individually and in his Official Capacity as Chief for the Laredo Police Department; GILBERT NAVARRO, Individually and in his Official Capacity as Assistant Deputy Chief for the Laredo Police Department; THE CITY OF LAREDO

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CV-00013

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Sharon Naill and John Jones appeal the jury verdict rendered in favor of defendants Officer Cesar Benavides and Officer Rodrigo Ruiz.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiffs also appeal the district court's dismissal of their claims against the City of Laredo. For the reasons that follow, we AFFIRM.

1. The plaintiffs argue that the jury's verdict was against the great weight of the evidence, entitling them to a new trial. Deloach v. Delchamps, Inc., 897 F.2d 815, 820 (5th Cir. 1990).

Plaintiffs claim that the jury erred by finding that they were not seized when the officers pulled up in their cars in response to the plaintiffs' phone call for help. Individuals are "seized" within the meaning of the Fourth Amendment "only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he [or she] was not free to leave." Michigan v. Chesternut, 486 U.S. 567, 573, 108 S. Ct. 1975, 1979 (1988) (internal citations and quotation marks omitted). Plaintiffs testified that they did not feel free to leave when the police officers pulled up. Ruiz also wrote in his police report that he had parked his car next to the plaintiffs' car in such a way as to reduce the risk of flight. But both officers also testified that the plaintiffs were free to leave and that the plaintiffs could have by simply backing up. Moreover, when the officers arrived, they were there at the plaintiffs' request. Given all of this, the jury could properly conclude that the plaintiffs were not seized when the officers showed up.

Naills also complains that Ruiz had no reasonable suspicion that she had committed a crime and thus had no basis to ask her whether she had a gun when he approached her car. But Ruiz did testify that when he approached Naills in her car—an action he took because Naills had called and asked the police to come to help—Naills appeared very nervous. Because of Naills's nervous appearance, he reasonably asked, for his own safety, if she had a

2

gun. Naills does not explain why a police officer is not entitled to ask a citizen if she is armed after the citizen requests his assistance and appears very nervous. Naills also complains that Ruiz did not have probable cause to search the car. But Naills (who does not have a concealed hand gun license) admitted to Ruiz that she had a concealed hand gun, at which point Ruiz had probable cause to believe that she had committed a crime—i.e., unlawful possession of a hand gun.

Jones also complains that the jury's finding that Benavides justifiably detained him was against the great weight of the evidence. Benavides did not detain Jones until after his partner shouted out that Naills had a gun. Benavides was perfectly entitled to temporarily detain Jones to preserve the status quo for safety reasons until the intentions of the plaintiffs could be sorted out. See Tamez v. City of San Marcos, 118 F.3d 1085, 1094–95 (5th Cir. 1997) (noting that a search or arrest will not violate the Fourth Amendment if it is justified by exigent circumstances, which include situations where the officer reasonably believed that his safety, or the safety of the general public, was at risk).

2. The plaintiffs complain that the district court used erroneous jury instructions requiring reversal. "The district court has broad discretion in formulating the jury charge, and we therefore review the instructions with deference." Deines v. Texas Dep't of Protective & Regulatory Servs., 164 F.3d 277, 279 (5th Cir. 1999).

Plaintiffs first argue that the district court erred in submitting the "automobile exception" instruction to the jury because the facts of the case did not support its inclusion. The automobile exception allows police officers to conduct a warrantless

search of a car if the search is supported by probable cause. Maryland v. Dyson, 527 U.S. 465, 466, 119 S. Ct. 2013, 2014 (1999). The jury was properly instructed that if it found the plaintiffs were not seized (which the jury did), the automobile exception could apply.

Plaintiffs next argue that the jury was improperly instructed on whether Benavides could temporarily detain Jones. Plaintiffs' complaint seems to be that the jury should have been required to find that Benavides could not detain Jones after Ruiz yelled the police code word for gun unless Benavides had a reasonable belief that Jones had committed a crime. The jury found instead that, in the context of this case, Benavides had a reasonable belief that Jones was a threat to his safety or the safety of someone else. That is a correct statement of the law and under those circumstances, Benavides was entitled to temporarily detain Jones. See Tamez, 118 F.3d at 1094–95. The jury instruction was therefore correct.

3. Plaintiffs also contend that the district court should not have granted the City of Laredo's motion to dismiss. In their initial complaint, the plaintiffs attempted to hold the City liable for the officers' actions in violating their Fourth Amendment rights under a theory of municipal liability. But to succeed on their theory of liability, they had to prove that the officers violated their rights. See Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 692, 98 S. Ct. 2018, 2036 (1978). Since the jury found that the officers did not violate the plaintiffs' rights, the plaintiffs would have necessarily lost on their theory of municipal liability as well.

AFFIRMED.