**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-4114**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

RONNIE K. VALENTINE,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, Chief District Judge. (1:07-cr-00047-jpj-pms-1)

———————————

Submitted: September 30, 2008    Decided: October 17, 2008

———————————

Before MOTZ, TRAXLER, and KING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Larry W. Shelton, Federal Public Defender, Nancy C. Dickenson, Assistant Federal Public Defender, Christine Madeleine Spurell, Research and Writing Attorney, Abingdon, Virginia, for Appellant. Julie C. Dudley, Acting United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie K. Valentine pleaded guilty to one count of possession of firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g) (2000). He reserved the right to appeal the district court's denial of his motion to suppress firearms seized from the trunk of his vehicle. We affirm.

On appeal, Valentine argues that the district court erred in denying his suppression motion because the initial stop of his vehicle was unconstitutional and the officer lacked probable cause or any other legitimate basis to search the vehicle. The factual findings underlying a motion to suppress are reviewed for clear error, while the legal determinations are reviewed de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

It is well established that, "'[i]f a car is readily mobile and probable cause exists to believe it contains contraband,'" an officer may search the car without a warrant. Maryland v. Dyson, 527 U.S. 465, 466 (1999) (quoting Pennsylvania v. Labron, 518 U.S. 938, 940 (1996)). The Supreme Court has defined the test for probable cause as "whether, given all the circumstances, . . . there is a fair probability that contraband or

2

evidence of a crime will be found in a particular place." <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983).  The Court has also held that "[t]he principal components of a determination of . . . probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to . . . probable cause."  <u>Ornelas</u>, 517 U.S. at 696.

Our review of the officer's testimony at the suppression hearing and the audio and video recording from the dashboard camera of the patrol car convinces us that the officer's search of Valentine's vehicle was supported by probable cause.  The district court properly denied Valentine's motion to suppress.

Accordingly, we affirm Valentine's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>