**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4745**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SCOTTY LEE CARICO,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (1:07-cr-00006-jpj)

Submitted:  November 20, 2008       Decided:  December 19, 2008

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Vaughan C. Jones, JOHNSON & JONES, LLP, Richmond, Virginia, for Appellant.  Julia C. Dudley, Acting United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scotty Lee Carico was convicted by a jury of possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); 21 U.S.C. § 841(a)(1) (2006). Carico was sentenced to a total of 138 months' imprisonment. Finding no error, we affirm.

On appeal, Carico contends the district court erred in denying his motion to suppress. We review the factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008). The evidence is construed in the light most favorable to the prevailing party below. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

Carico initially contends that his statement acknowledging the presence of a firearm in his vehicle was acquired in violation of the Fifth Amendment and Miranda v. Arizona, 384 U.S. 436 (1966). Law enforcement officers, however, are not required to administer Miranda warnings to everyone they question or suspect. Oregon v. Mathiason, 429 U.S. 492, 495 (1977) (per curiam). Rather, Miranda is only implicated when officers question an individual who is in custody. United States v. Jamison, 509 F.3d 623, 628 (4th Cir. 2007). An individual "is 'in custody' for purposes of receiving

2

Miranda protection . . . [when] there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." California v. Beheler, 463 U.S. 1121, 1125 (1983) (per curiam) (quoting Mathiason, 429 U.S. at 495).

Here, Carico was not in custody when he made the statement at issue as the officer had not placed him under arrest or otherwise restrained his freedom requiring the administration of Miranda warnings. See Berkemer v. McCarty, 468 U.S. 420, 440 (1984) (holding one temporarily detained in traffic stop is not in custody for Miranda purposes); United States v. Sullivan, 138 F.3d 126, 131 (4th Cir. 1998) (same). Additionally, Carico's statement was spontaneously rendered rather than the result of any formal questioning by a law enforcement officer. See United States v. Wright, 991 F.2d 1182, 1186 (4th Cir. 1993) ("[S]pontaneous statements [that are] not the product of interrogation [are] not barred by the Fifth Amendment."). Therefore, the district court did not err in refusing to suppress Carico's statement.

Carico also contends that the warrantless search of his vehicle violated the Fourth Amendment. He does not assert that the traffic stop was invalid, but argues that his detention and the initiation of the vehicle search were improper. However, a law enforcement officer may conduct a protective search of the passenger compartment of a lawfully stopped

3

automobile where the "officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officer in believing that [a] suspect is dangerous and the suspect may gain immediate control of weapons" within the vehicle. Michigan v. Long, 463 U.S. 1032, 1049-50 (1983) (quoting Terry v. Ohio, 392 U.S. 1, 21 (1968)).

It is undisputed that Carico was stopped by law enforcement because an unauthorized weapon was visible in his vehicle. The officer was therefore permitted to perform a protective search of the vehicle to secure the weapon. United States v. Elston, 479 F.3d 314, 320 (4th Cir. 2007) (search of vehicle in Terry stop authorized if officer has reasonable belief that suspect is dangerous and may gain control of weapons in vehicle, even if suspect is restrained at the time). Moreover, Carico's disclosure that there was a firearm on the front passenger seat further highlighted the danger Carico posed to the officer. Thus, the initial search of the vehicle for weapons was proper.

Carico additionally argues that the officer did not have probable cause to perform a more thorough search of the vehicle, including its trunk. However, it is well established that, "'[i]f a car is readily mobile and probable cause exists to believe it contains contraband,'" an officer may search the

4

car without a warrant. <u>Maryland v. Dyson</u>, 527 U.S. 465, 467 (1999) (per curiam) (quoting <u>Pennsylvania v. Labron</u>, 518 U.S. 938, 940 (1996) (per curiam)). The scope of the search authorized under the automobile exception "is no broader and no narrower" than that which could be authorized pursuant to a warrant. <u>United States v. Ross</u>, 456 U.S. 798, 825 (1982). "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." <u>Id.</u> The Supreme Court has defined the test for probable cause as "whether, given all the circumstances, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983).

The law enforcement officer found multiple weapons and a large quantity of cash during his initial search of the vehicle. Under these circumstances, there was more than a fair probability that either controlled substances or other weapons were present. Considering the nature of the suspected contraband, the scope of the officer's search was appropriate. Therefore, we conclude the district court did not err in refusing to suppress the evidence obtained during the search of Carico's vehicle.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>