[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 24, 2010
JOHN LEY
CLERK

No. 09-13700
Non-Argument Calendar

_____

D. C. Docket No. 08-80129-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNEST ANTHONY JOLLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 24, 2010)

Before TJOFLAT, BLACK and ANDERSON, Circuit Judges.

PER CURIAM:

In this case, Ernest Anthony Jolly, indicted for possession of with intent to

distribute five or more grams of crack cocaine, entered a conditional plea of guilty pursuant to a plea agreement, reserving the right to appeal the denial of his motion to suppress the crack cocaine involved in the offense and any incriminating statements he made following his arrest. We affirm.

The motion to suppress was referred by the district court to a magistrate judge, who held an evidentiary hearing. Two witnesses testified at the hearing, Officers Derrick Walker and Wilpidio Pinto of the West Palm Beach Police Department. Crediting their testimony, the magistrate judge found as follows.

In the morning March 19, 2008, Walker was stationed in a high drug-crime neighborhood of West Palm Beach and observed what from his experience appeared to be a drug transaction occurring between occupants of two vehicles, an Oldsmobile and a Saturn SUV, i.e., the occupant of the Oldsmobile gave a clear plastic bag to an occupant in the Saturn SUV. The Saturn SUV left the scene and Officer Walker promptly radioed Officer Pinto and informed him what he had observed. Officer Pinto followed the Saturn SUV, pulled it over and asked Jolly, who was driving the vehicle, for his license and registration. Jolly produced his license and a rental agreement for the vehicle. As he did so, Officer Pinto noticed that his hands were shaking. Officer Pinto asked Jolly if he had drugs, and he said said no. While the officer was questioning him, Jolly attempted to push something

2

underneath the front seat armrest with his right hand. At this point, Officer Pinto and another officer who had joined him took Jolly's license and the rental agreement and walked to the rear of the vehicle. Officer Pinto then walked to the front seat passenger window and saw Jolly trying to stuff a clear plastic baggie beneath the armrest. Pinto ordered Jolly out of the vehicle and retrieved the baggie. It contained crack cocaine.

The magistrate judge, in his Report and Recommendation to the district court, recommended that the court deny Jolly's motion to suppress the crack cocaine. The court, following a de novo review of the record, accepted his recommendation and denied the motion.

I.

On appeal, Jolly first argues that Officer Walker's observation that an unidentified individual handed Jolly a clear plastic bag on a weekday morning in a high-crime area did not create a reasonable suspicion to stop his vehicle. Jolly contends that Walker: (1) had no information concerning him or the other individual to suggest that a drug transaction occurred; (2) could not see the contents of the baggie; and (3) saw nothing else to indicate that a crime occurred. Jolly notes that, once he drove away, he committed no traffic violations and did not attempt to avoid contact with law enforcement.

The Fourth Amendment protects individuals from "unreasonable searches and seizures" by government officials, and its protections extend to "brief investigatory stops of persons or vehicles." *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002). For brief investigatory stops, the Fourth Amendment is satisfied if the police officer has a "reasonable suspicion" to believe that criminal activity "may be afoot." *Id.* (citing *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). When determining whether reasonable suspicion exists, courts must consider the totality of the circumstances to decide if the police officer had a "particularized and objective basis" for suspected legal wrongdoing. *Id.* at 273, 122 S.Ct. at 750 (quotation omitted). In so doing, "the reviewing court must give due weight to the officer's experience," *United States v. Briggman*, 931 F.2d 705, 709 (11th Cir. 1991), and must consider the "collective knowledge" of all of the officers involved in the stop, *United States v. Williams*, 876 F.2d 1521, 1524 (11th Cir. 1989).

"An 'inchoate and unparticularized suspicion or hunch of criminal activity' is not sufficient to meet the reasonable suspicion standard." *United States v. Lopez-Garcia*, 565 F.3d 1306, 1313 (11th Cir. 2009), *cert. denied*, (08-12662) (U.S. Dec. 14, 2009). A person's presence in a high-crime area, standing alone, is insufficient to establish reasonable suspicion, but such presence, coupled with

4

other behavior, can provide reasonable suspicion. *Id*. at 1314. In addition, "the officer who makes the stop need not be the one who observed the suspicious activities if that information had been relayed to him." *United States v. Powell*, 222 F.3d 913, 918 (11th Cir. 2000).

The district court correctly found that there was reasonable suspicion for the traffic stop. Walker observed, and radioed Agent Wilpidio Pinto, that Jolly: (1) was in a high-crime area; and (2) took possession of a clear plastic baggie. Although Pinto did not know for sure what was inside the plastic baggie, he had a reasonable suspicion, which was based on his own experience, that criminal activity may have been "afoot." Accordingly, we affirm on this issue.

## II.

Jolly next argues that law enforcement officers did not have probable cause to believe that he had contraband in his vehicle, as the officers' observation of the clear baggie, without knowing the contents, was insufficient to rise to probable cause. In the alternative, Jolly argues that, even if officers had probable cause to believe that his vehicle contained contraband, there were no exigent circumstances necessitating an immediate search. Jolly concludes that, based on the lack of probable cause, his Fourth amendment rights have been violated, and all statements made after this unconstitutional search should be suppressed as fruit of the

5

poisonous tree.

Regarding the scope of a law enforcement officer's ability to search a suspect, his possessions, or his residence, "[t]he Fourth Amendment generally requires police to secure a warrant before conducting a search." *Maryland v. Dyson*, 527 U.S. 465, 466, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442 (1999). Searches of vehicles, however, are an established exception to the requirement for a warrant. *Id.* The automobile exception allows officers to search any item or compartment in the car that might contain the object of the search without a warrant, as long as they have probable cause to believe that it holds evidence of a crime. *United States v. Strickland*, 902 F.2d 937, 942 (11th Cir.1990). The automobile exception does not contain a separate exigency requirement. *Dyson*, 527 U.S. at 466-67, 119 S.Ct. at 2014. "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits police to search the vehicle without more." *Id.* at 467, 119 S.Ct. at 2014 (quotation omitted). "[T]he requirement of exigent circumstances is satisfied by the 'ready mobility' inherent in all automobiles that reasonably appear to be capable of functioning." *United States v. Nixon*, 918 F.2d 895, 903 (11th Cir.1990).

We decide probable cause issues on an objective basis, without regard to the law enforcement officers' subjective beliefs. *Craig v. Singletary*, 127 F.3d 1030,

1042 (11th Cir.1997). "Probable cause for a search exists when under the totality of the circumstances there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Magluta*, 418 F.3d 1166, 1182 (11th Cir.2005) (quotations omitted).

Jolly has failed to demonstrate that the district court erred in determining that there was probable cause for the search of his vehicle. Officer Pinto observed Jolly attempting to stuff a clear plastic baggie underneath the armrest of his vehicle. Further, Pinto observed Jolly's physiological reactions in response to his questioning. Given these observations, the officer had probable cause to believe that contraband would be found in the vehicle.

AFFIRMED.