SULLIVAN, Justice,
dissenting.
I respectfully dissent from the Court's conclusion that the so-called "automobile exeeption" absolves the police from not obtaining a warrant in this case.
I acknowledge that the cases recite that the automobile exception has two elements-the vehicle in question is "readily mobile" and "operational"-and that those elements are established in this case. But I think the Court reads the precedents too narrowly when it decides the issue on that basis alone.
In every one of the cases cited by the Court and in all of the automobile exception cases that I have reviewed, law enforcement officers' initial contact with a suspect occurs either during a lawful traffic stop or at least in close proximity to the vehicle. Said slightly differently, in all of the cases where the automobile exception to the warrant requirement has been held *1288 available, the vehicle in question has been not only readily mobile and operational but also in close proximity to the suspect at the time of initial contact with the police. In Myers v. State, 839 N.E.2d 1146, 1148-49 (Ind.2005), United States v. Ross, 456 U.S. 798, 801, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), and Maryland v. Dyson, 527 U.S. 465, 466, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999), the police first encountered each defendant during a lawful traffic stop. In Pennsylvania v. Labron, 518 U.S. 938, 939, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996), the police observed the defendant produce drugs from his car and engage in a series of drug transactions on the street. And in California v. Carney, 471 U.S. 386, 388, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985), the police first contacted the defendant after he stepped outside in response to a knock on the motor home's door.
Exceptions to general rules, especially to constitutional rules like the warrant requirement, should be narrow, not broad. Defendant's lack of proximity to the automobile at the time of arrest-he was inside his place of employment and the car was parked outside in the lot-should render the automobile exception unavailable. The trial court understood this and granted Defendant's motion to suppress. I would affirm that determination.
RUCKER, J., concurs.