

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0261-10

**DAVID O. MEEKINS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### LUBBOCK COUNTY

**JOHNSON, J., filed a concurring opinion.**

### C O N C U R R I N G   O P I N I O N

The state appealed on three grounds that challenged only the court of appeals's ruling on the validity of consent to search appellant's car. Even if we were to affirm the court of appeals on those grounds, we could still reverse on a more direct and perhaps simpler basis: the drugs that are the basis for this prosecution were found on appellant's person, and the parties do not dispute that appellant consented to that search. Consent to search appellant's car, valid or invalid, is irrelevant to the admissibility of controlled substances found on appellant's person during a consensual search,

but neither side raised that issue.

During a traffic stop, a police officer may allow the occupants of the vehicle to remain in it or may ask them to get out. While asking the occupants to step out is often a consequence of the officer's training and experience causing his "Spidey sense" to tingle, an officer is entitled to ask the occupants to step out of the vehicle without probable cause or reasonable suspicion of criminal activity being afoot. In this case, the officers observed that appellant was nervous, and they had seen appellant leave a house that was known to be a site of trafficking in drugs. Officer Williams could have asked appellant to step out of the car at that point, and in hindsight, might have avoided the challenge now made if he had done so. If he had asked appellant to step out, stopped him from putting his hand in his pocket, found the marijuana, and then arrested him on either the warrants or possession of marijuana, he would then have had probable cause to search the car pursuant to the automobile exception.[1]

---

[1] *Neal v. State*, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008) ("One such exception holds that the police may lawfully search an automobile if they have probable cause to believe that the vehicle contains evidence of a crime. [*Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007).] Probable cause to search exists when there is a 'fair probability' of finding inculpatory evidence at the location being searched. [*Id.* at 24 n.29 (citing *Illinois v. Gates,* 462 U.S. 213, 238 (1983]. If this exception applies, then the police may search 'every part of the vehicle and its contents that may conceal the object of the search.' [*United States v. Ross,* 456 U.S. 798, 825, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982)].).")

*See also Dixon v. State*, 206 S.W.3d 613, 619 n.25 (Tex. Crim. App. 2006) ("But once again, we note that the Supreme Court explicitly reiterated in *Maryland v. Dyson*, 527 U.S. 465, 466-67, 119 S. Ct. 2013, 144 L. Ed. 2d 442 (1999), that police do not need exigent circumstances before conducting a search of a car. '"If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the whole vehicle without more."' *Id.* at 467 (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S. Ct. 2485, 135 L. Ed. 2d 1031 (1996)). As the Supreme Court stated, a finding of probable cause 'alone satisfies the automobile exception to the Fourth Amendment warrant requirement.' *Id. See also State v. Guzman,* 959 S.W.2d 631, 634 (Tex. Crim. App. 1998) ('we hold, as Supreme Court precedent dictates, that the automobile exception to the Fourth Amendment of the United States Constitution does not require the existence of exigent circumstances in addition to probable cause').")

*Cf. Arizona v. Gant*, ___ U.S. ___, ____, 129 S.Ct. 1710, 1723-24 (2009) ("Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.")

I join the opinion of the Court.


Filed: May 4, 2011
Publish