# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40675
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO ADAME DELEON, III,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:14-CR-89-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Fernando Adame Deleon, III, was indicted for possession of a firearm and ammunition by a convicted felon. He proceeded to a bench trial on stipulated facts and was found guilty of the charge. The court sentenced Deleon to 70 months of imprisonment, to be followed by three years of supervised release. Deleon preserved the right to appeal the denial of his motion to suppress evidence seized from a warrantless search of his vehicle.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40675

Deleon asserts that the warrantless search of an automobile is permitted only where it is impractical for police to obtain a warrant. He characterizes this language as a "reasonable practicability test" and states that the test must be met in order for the automobile exception to apply. Deleon argues that it was reasonably practicable for the officers to obtain a search warrant in his case and that, because a warrant was not obtained, the search of his vehicle was in violation of the Fourth Amendment. He does not contest the existence of reasonable suspicion or probable cause for his detention; nor does he contest the existence of probable cause to search the vehicle.

When reviewing a denial of a motion to suppress evidence, we review "factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). "A warrantless search is presumptively unreasonable unless it falls within an exception to the Fourth Amendment's warrant requirement." *United States v. Guzman*, 739 F.3d 241, 245-46 (5th Cir. 2014).

The automobile exception provides that "where there was probable cause to search a vehicle 'a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained.'" *Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (quoting *United States v. Ross*, 456 U.S. 798, 809 (1982)). Contrary to Deleon's assertion, the Supreme Court has specifically stated that that the automobile exception does not require a finding of exigency that would prevent officers from obtaining a warrant. *Dyson*, 527 U.S. at 465-67.

Therefore, the district court correctly found that the automobile exception applied when there was probable cause to justify the search of the vehicle. *See Dyson*, 527 U.S. at 465-67.

No. 16-40675

We do not address Deleon's argument that the automobile exception was inapplicable because his car was not readily mobile, as that issue is raised for the first time in his reply brief and thus is considered waived.  *See United States v. Stanford*, 823 F.3d 814, 851 n.54 (5th Cir.), *cert. denied,* 137 S. Ct. 453 (2016).

The judgment of the district court is AFFIRMED.