# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                      )
     v.                  )
                      )     No. 1811007138
KYLE BARRETT,          )
                      )
     Defendant.        )

Date Decided: October 11, 2019

*On Defendant Kyle Barrett's*
*Motion to Suppress*
**Denied.**

## ORDER

Zachary Rosen, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Christina L. Ruggiero, Assistant Public Defender, Office of Defense Services, Wilmington, Delaware, Attorney for Defendant Kyle Barrett.

**Scott, J.**

## Introduction

Before the Court is Defendant Kyle Barrett's ("Defendant") Motion to Suppress. Therein, Defendant challenges the warrantless search of his vehicle as having violated his right to be free from unreasonable searches guaranteed under the Fourth Amendment to the U.S. Constitution and Article I, § 6 of the Delaware Constitution. The Court has reviewed and considered the Parties' written submissions, as well as evidence provided and arguments made by the Parties at the suppression hearing. For the following reasons, Defendant's Motion to Suppress is DENIED.

## Findings of Fact

On November 13, 2018, Detective Matthew Donovan of the New Castle County Police Department was patrolling the Four Seasons Community in New Castle County, Delaware. Detective Donovan observed an SUV idling on the side of the road with a woman in the passenger seat. A man, later identified as Defendant Kyle Barrett, was leaning into this vehicle on the passenger side. Detective Donovan conducted a DELJIS inquiry of the vehicle's registration and determined that the registration was suspended for a lack of insurance payments and was also expired.

After Detective Donovan passed the vehicle, Defendant entered the driver seat of the vehicle and began driving. Defendant pulled the vehicle into a parking spot in front of 31 Sunny Bend. Defendant and his passenger, Ms. Jefferson, exited the

2

vehicle and began to walk away from the vehicle. Because Detective Donovan had passed the vehicle while it was idling, Detective Donovan needed to do a U-turn in order to initiate a traffic stop. Accordingly, Detective Donovan did not initiate the traffic stop until the vehicle was parked.

Detective Donovan instructed Defendant and Ms. Jefferson to "stop" and return to the vehicle. Ms. Jefferson complied with Detective Donovan's instructions, but Defendant did not. Defendant continued walking away from the vehicle and Detective Donovan. In response to Detective Donovan's requests for Defendant to stop walking away and return to the vehicle, Defendant replied: "No. For what?" Defendant physically resisted arrest once Detective Donovan caught up with him. Detective Donovan had to use force on Defendant to effectuate the arrest. Detective Donovan handcuffed Defendant and placed him in the back of the police car.

One of the responding officers searched Ms. Jefferson. The officer found several empty heroin bags in Ms. Jefferson's bra. The bags were stamped "www.nocap." Although Detective Donovan testified that there were additional heroin bags strewn about the ground around and underneath the vehicle, bodycam footage of the incident shows more syringes than bags around and underneath the vehicle. This paraphernalia was not observed prior to the traffic stop. Ms. Jefferson told the police officers there was a large quantity of heroin in the vehicle.

3

After obtaining this information, the responding officers searched the vehicle. From this search, the officers recovered additional bags of heroin and crystal methamphetamine.

## Parties' Contentions

On September 18, 2019, Defendant filed his Motion to Suppress, arguing that the warrantless search of the vehicle violated his right to be free from unreasonable searches under the Fourth Amendment of the U.S. Constitution and Article I, § 6 of the Delaware Constitution. Defendant argues that the police did not have probable cause to search the vehicle. Defendant further argues that exigent circumstances did not justify the warrantless search of the vehicle.

On October 1, 2019, the State filed its Response to Defendant's Motion to Suppress. The State argues that the officers had probable cause to search the vehicle. Because the officers had probable cause, the State contends, the "automobile exception" to the warrant requirement applies.

## Standard of Review

On a motion to suppress evidence seized during a warrantless search, the State bears the burden of establishing that the challenged search or seizure did not violate the rights guaranteed a defendant by the U.S. Constitution, the Delaware

4

Constitution, and Delaware statutory law.[1] The burden of proof on a motion to suppress is proof by a preponderance of the evidence.[2]

## Discussion

Under the Fourth Amendment to the U.S. Constitution, citizens have the right to be free from unreasonable searches and seizures.[3] A warrant supported by probable cause and issued by a neutral magistrate is typically required before the police may conduct a search of an individual's person or property. A warrantless search is *per se* unreasonable unless one of the exceptions to the warrant requirement applies.[4]

Under the automobile exception to the warrant requirement, when the police have probable cause to believe that an automobile is carrying contraband or evidence, then they may search the vehicle without obtaining a search warrant.[5] Delaware once required proof of sufficient exigency *in addition to* probable cause to satisfy the automobile exception.[6] However, Delaware has since done away with

---

[1] *Hunter v. State*, 783 A.2d 558, 560–61 (Del. 2001).
[2] *State v. Anderson*, 2010 WL 4056130, at *3 (Del. Super. Oct. 14, 2010).
[3] U.S. CONST. amend. IV.
[4] *Katz v. United States*, 389 U.S. 347, 356–57 (1967).
[5] *Valentine v. State*, 2019 WL 1178765, at *2 (Del. Mar. 12, 2019).
[6] *Schramm v. State*, 366 A.2d 1185, 1189 (Del. 1976).

the exigency requirement because the inherent mobility of an automobile is already a sufficient exigency.[7] The automobile exception also applies to parked vehicles.[8]

All that is required to justify the warrantless search of a vehicle is probable cause. Probable cause exists where, under the totality of the circumstances, the facts known to the officers are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found. The standard is only a "fair probability" of criminal activity, which is less than a preponderance of the evidence.[9]

Based on the totality of the circumstances before the officers, the Court finds that the police had probable cause to search the vehicle. Detective Donovan observed a vehicle idling on the side of the road in a high crime area with a woman in the passenger seat and Defendant leaning into the passenger seat. Detective Donovan learned the vehicle had an expired registration. After the vehicle parked, Defendant refused to comply with Detective Donovan's requests to return to the

---

[7] *State v. DuBose*, 2016 WL 1590583, at *8 (Del. Super. Apr. 18, 2016), *aff'd sub nom. Dubose v. State*, 2016 WL 7212307, at *1 (Del. Dec. 12, 2016). This aligns with the current posture of the U.S. Supreme Court. *See Maryland v. Dyson*, 527 U.S. 465, 466–67 (1999) ("[T]he automobile exception does not have a separate exigency requirement . . . .").

[8] *Doyle v. Wilson*, 529 F. Supp. 1343, 1356 (D. Del. 1982) (finding the automobile exception justified the warrantless search of a vehicle parked on the side of the road); *State v. Colon*, 2001 WL 1729148 (Del. Super. Nov. 29, 2001) (finding that the automobile exception applied to a search of a parked vehicle).

[9] *DuBose*, 2016 WL 1590583, at *7 (citing *Illinois v. Gates*, 462 U.S. 213, 243–44 (1983)).

6

vehicle; Detective Donovan had to use physical force to detain Defendant. Officers discovered used heroin bags on the person of the vehicle's passenger and found empty syringes on the ground underneath and around the vehicle. Finally, the vehicle's passenger admitted to the officers that there was heroin in the vehicle.

## Conclusion

For the aforementioned reasons, Defendant's Motion to Suppress is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**