| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2020-K-0039** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **CALVIN SMITH** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 546-919, SECTION "K"
Honorable Arthur Hunter, Judge
\* \* \* \* \* \*
**Judge Regina Bartholomew-Woods**
\* \* \* \* \* \*
(Court composed of Judge Terri F. Love, Judge Roland L. Belsome,
Judge Regina Bartholomew-Woods)

**BELSOME, J., DISSENTS**

Leon Cannizzaro
District Attorney
Scott G. Vincent
Assistant District Attorney
ORLEANS PARISH
619 S. White Street
New Orleans, Louisiana 70119

      COUNSEL FOR THE STATE/RELATOR


Sarah Mae Jennings
2601 Tulane Avenue, Suite 700
New Orleans, Louisiana 70119

Giacomo Castrogiovanni
935 Gravier Street, Suite 840
New Orleans, Louisiana 70112

      COUNSEL FOR DEFENDANT/RESPONDENT


                          **WRIT GRANTED**
                          **APRIL 8, 2020**

*RBW*

*TFL*

Relator, the State of Louisiana, seeks supervisory review of the district court's January 3, 2020 ruling finding probable cause and granting Defendant's motion to suppress evidence. For the foregoing reasons, we grant the writ and reverse the district court.

## PROCEDURAL AND FACTUAL BACKGROUND

On December 9, 2019, the district court conducted a preliminary hearing, as well as a hearing on Defendant's motion to suppress evidence. Thereafter, on January 3, 2020, the district court found no probable cause and granted Defendant's motion to suppress evidence.

On August 21, 2019, the Third District of the New Orleans Police Department ("NOPD") conducted a traffic enforcement assignment to check for vehicles with dark-tinted windows, brake tags, and cracked windshields. NOPD Officer Ramon Negrete ("Officer Negrete") stopped Defendant's vehicle due to the

dark-tinted windows, and asked Defendant to produce his driver's license, registration, and proof of insurance. Initially, Defendant rummaged through his center console, but then began reaching behind the passenger seat. Officer Negrete repeatedly instructed Defendant to stop; however, Defendant repeatedly failed to comply. As a result, Defendant was removed from his vehicle and handcuffed. After removing Defendant's vehicle from the travel lane, Officer Negrete opened the rear passenger door of Defendant's vehicle and retrieved a firearm from the pocket on the back of the seat. At the hearing, Officer Negrete testified that he feared that Defendant was reaching for a weapon, and he only searched exactly where he believed Defendant had been reaching. After locating the weapon, NOPD Officers conducted an inventory search of Defendant's vehicle, because Defendant was to be arrested and his vehicle towed. During the inventory search, an NOPD Officer recovered a clear plastic bag containing three (3) Percocet pills. As a result, Defendant was charged with possession of a firearm or weapon by a felon, in violation of La. R.S. 14:95.1, and illegal carrying of a weapon with a controlled dangerous substance, in violation of La. R.S. 14:95(E).

## DISCUSSION

Both the United States and Louisiana Constitutions protect individuals from unreasonable searches and seizures. U.S. Const. Amend. IV; La. Const. art. 1, § 5. Moreover, "[a] warrantless search is, *per se*, unreasonable unless it falls within certain limited, well-delineated exceptions to the warrant requirement." *State v. Hunt*, 2009-1589 (La. 12/1/09, 6); 25 So.3d 746, 752; *Schneckloth v.*

2

*Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973); *State v. Lee,* 2005-2098, p. 14 (La.1/16/08), 976 So.2d 109, 122. The Louisiana Supreme Court, in *State v. Hunt,* reasoned that "[f]or a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity occurred or is about to occur, before stopping the vehicle. When an officer observes what he objectively believes is a traffic offense, the decision to stop the vehicle is reasonable, regardless of the officer's subjective motivation." 2009-1589, pp. 8-9 (La. 12/1/09); 25 So.3d 746, 753 (internal citations omitted). Here, like in *Hunt,* Officer Negrete stopped Defendant's vehicle because of the dark-tinted windows, a traffic offense, thus, the stop itself was reasonable at the outset.[1]

The Louisiana Supreme Court, in *State v. Cure,* looked to the United States Supreme Court's reasoning in *Pennsylvania v. Mimms,* 434 U.S. 106, 110; 98 S.Ct. 330, 333; 54 L.Ed.2d 331 (1977),

---

[1] Vehicle window tint is regulated by La. R.S. 32.361(B)-(C)(1), and provides:

> B. Except as provided by R.S. 32:361.1(C), no person may operate a motor vehicle with any object or material placed on or affixed to the front windshield or to front side windows of the vehicle so as to obstruct or reduce the driver's clear view through the front windshield or front side windows, nor place on or affix to the front windshield or the front side windows of a motor vehicle, any transparent material if the material alters the color or reduces the light transmission of the windshield or front side windows.
>
> C. The provisions of this Section do not apply to any of the following:
>
> (1) A sun screening device when used in conjunction with automotive safety glazing materials on the front side window, with a light transmission of at least forty percent, all tolerances included, side window behind the driver with a light transmission of at least twenty-five percent, all tolerances included, and rearmost windows with a light transmission of at least twelve percent, all tolerances included. All sun screening devices shall not have a luminous reflectance of more than twenty percent.

> [W]e have specifically recognized the inordinate risk confronting an officer as he approaches a person seated in an automobile.... Against this important interest, we are asked to weigh the intrusion into the driver's personal liberty occasioned not by the initial stop of the vehicle, which was admittedly justified, but by the order to get out of the car. We think this additional intrusion can only be described as *de minimis*."

2011-2238, p. 5 (La. 7/2/12); 93 So.3d 1268, 1271. Further, the United States Supreme Court has recognized that because of the inherent mobility of vehicles and if probable cause exists, officers are permitted to search vehicles without a warrant. *Maryland v. Dyson*, 527 U.S. 465, 467; 119 S.Ct. 2013, 2014; 144 L.Ed.2d 442 (1999). In *State v. Dillion*, pursuant to traffic violations, police officers stopped the defendant's vehicle and noticed that the defendant appeared to reach and hide something. 1998-0861, p. 12 (La. App. 4 Cir. 6/24/98); 719 So.2d 1064, 1070. Subsequently, the officers removed the defendant from the vehicle, handcuffed him, and placed him in the patrol car prior to searching the vehicle. *Id*. In *State v. Lockett*, an NOPD officer noticed a vehicle traveling in the far-left lane at a "very, very slow pace," which caused other vehicles to have to change lanes to avoid a collision; upon noticing the cracked windshield, the officer executed a traffic stop. 2012-1561, p. 2 (La. App. 4 Cir. 7/24/13); 120 So.3d 886, 888. As the driver prepared to stop his vehicle, the officer noticed the driver make furtive movements toward the back seat. *Id*. at p. 3; 120 So.3d at 888. With concern for officer safety, assisted by other officers, the driver, as well as the passenger, were removed from the vehicle; the officer then looked in the backseat where the driver had been reaching and discovered a firearm. *Id*. In consideration of the search,

4

"this [C]ourt consistently has held that an officer's observation of furtive movements during a traffic stop provides a sufficient basis for a protective Terry sweep of the vehicle." *Id.* at p. 14; 120 So.3d at 895. In the instant matter, Officer Negrete observed Defendant repeatedly reaching behind his passenger seat; Officer Negrete ordered Defendant to stop. When Defendant failed to comply with Officer Negrete's command, Defendant was removed from his vehicle out of concern for Officer Negrete's safety. Here, Defendant's continual actions of reaching behind his passenger seat despite Officer Negrete's commands to cease justified the protective sweep of Defendant's vehicle, which yielded the concealed firearm and pills.[2]

For the aforementioned reasons, we reverse the district court's January 3, 2020 ruling finding no probable cause and granting Defendant's motion to suppress the evidence. The writ is GRANTED and the motion to suppress the evidence is hereby reversed.

---

[2] Pursuant to La. R.S. 14:95(1), the illegal carrying of weapons is defined, in pertinent part, as "[t]he intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one's person…".