[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14620
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cr-00319-AKK-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY SIMEON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 16, 2018)

Before ED CARNES, Chief Judge, WILSON, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Gregory Simeon pleaded guilty to committing access device fraud and aggravated identity theft fraud in violation of 18 U.S.C. §§ 1029(a)(3) and 2, and 1028A and 2.  Simeon appeals the district court's denial of his motion to suppress evidence obtained during a search of his rental car.

I.

Simeon was riding in the passenger seat of a car rented in his name when Birmingham Police Officer William Harrington pulled the car over for speeding. Charles Jacks was driving the car.  During the traffic stop, Harrington learned that only Simeon was on the rental agreement and discovered a warrant for Simeon's arrest from Columbus, Georgia for a fraud charge.  Harrington asked if Simeon had anything other than his wallet and phone in the car, and Simeon responded that he did not.  After confirming that Georgia authorities wanted Simeon taken into custody, Harrington informed Jacks of the situation and asked him if Simeon had any luggage in the car.  Jacks said that Simeon did in fact have luggage in the car, contradicting Simeon's earlier statement.  Harrington later testified that when he questioned Jacks about Simeon's luggage, Jacks was shaking and speaking nervously and that he could see Jacks' heart beating through his shirt.  Harrington called in a K9 unit to perform a drug sniff.  The dog positively alerted on the car, so Harrington searched the car and Simeon's luggage.  Harrington did not find any drugs, but he did find sixty-four credit cards and a credit card encoding device

2

inside Simeon's luggage.  During his trial Simeon moved to suppress that evidence, and the district court denied his motion.

## II.

Review of a district court's denial of a motion to suppress is a mixed question of law and fact.  See United States v. Delancy, 502 F.3d 1297, 1304 (11th Cir. 2007).  We review de novo the district court's application of the law, while we review its factfindings for clear error — construing all facts in the light most favorable to the party that prevailed in the initial proceeding, here the government. Id.

Although Simeon concedes that there was probable cause to stop the car and arrest him, he contends that the search of the car was illegal for two reasons.  First he contends that Harrington unreasonably prolonged the traffic stop to conduct the dog sniff.  He asserts that, after hearing that Georgia authorities wanted Simeon taken into custody, Harrington should have arrested him and released the rental car and its contents to Jacks.  He argues that Harrington's failure to do so after taking Simeon into custody was beyond the scope of the initial investigatory stop because Harrington did not have reasonable suspicion of further criminal activity.  Second Simeon contends that even if probable cause existed to search the car following the dog sniff, the Fourth Amendment required the officers to get a warrant before searching the car and Simeon's luggage.  We reject both contentions.

A.

Simeon first contends that Harrington should have released the rental car to Jacks following Simeon's arrest instead of prolonging the stop to conduct a dog sniff. A traffic stop may not last any longer than necessary to effectuate the stop unless there is an articulable suspicion of other illegal activity. See United States v. Purcell, 236 F.3d 1274, 1277 (11th Cir. 2001). A dog sniff incident to a traffic stop is unlawful when the police extend the stop without reasonable suspicion of criminal activity to conduct the dog sniff. See Rodriguez v. United States, 575 U.S. ___, 135 S. Ct. 1609, 1615 (2015). We have described reasonable suspicion as the ability "to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." United States v. Boyce, 351 F.3d 1102, 1107 (11th Cir. 2003). To determine if reasonable suspicion exists we take a "totality of the circumstances" approach and recognize that facts and circumstances that may be consistent with innocent travel when considered in isolation can give rise to reasonable suspicion when taken together. Id. But reasonable suspicion is more than an "inchoate hunch"; officers must be able to articulate some "minimal, objective justification" to extend an investigatory stop. Id.

Harrington had reasonable suspicion of criminal activity when he prolonged the search to conduct the dog sniff. Once he discovered a warrant for Simeon's

4

arrest, the incident ceased to be a routine traffic stop. Simeon implies that, even after the discovery of the warrant, he should have been detained but not his rental car. But Harrington was not required to release the car to Jacks if he reasonably suspected that something in the car was linked to further criminal activity. The totality of the circumstances — including Simeon's arrest warrant for fraud, Simeon's and Jacks' conflicting accounts of whether Simeon had luggage in the car, the fact that only Simeon was on the rental agreement for the car Jacks was driving, and Jacks' noticeably beating heart and visible agitation — could easily cause a reasonable officer to suspect that there was contraband in the car. Harrington did not unreasonably prolong the stop.

### B.

Simeon also contends that the search of the car was unconstitutional because exigent circumstances were not present to permit a warrantless search. But the Supreme Court has recognized an "automobile exception" to the warrant requirement that "does not have a separate exigency requirement: If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the car without more." Maryland v. Dyson, 527 U.S. 465, 467, 119 S. Ct. 2013, 2014 (1999) (quotations omitted). Knowing that Simeon was wanted in Georgia for allegedly committing fraud, hearing conflicting accounts as to whether Simeon had luggage in the car, and

seeing a trained dog indicate that the car contained drugs was enough to give Harrington probable cause to believe that there might be contraband in the car. That probable cause permitted him to conduct the search that uncovered the evidence.  Id.

**AFFIRMED.**