[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12794
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-00327-MHT-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CODY EUGENE MOBLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(April 6, 2020)

Before WILSON, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Cody Mobley appeals the district court's denial of his motion to suppress, as well as his consecutive 30-year sentence for possession of a firearm silencer under 18 U.S.C. § 924(c)(1)(B)(ii).  On appeal, Mobley argues that the district court erred in denying his motion to suppress, because the police engaged in an illegal search violating his Fourth Amendment rights, and because neither the automobile nor inevitable-discovery exception applied.  Mobley also argues that his 30-year consecutive sentence for possessing a firearm silencer violates the Eighth Amendment's prohibition on cruel and unusual punishment as applied.  For the following reasons, we affirm.

I

"A district court's ruling on a motion to suppress presents a mixed question of law and fact."  *United States v. Zapata*, 180 F.3d 1237, 1240 (11th Cir. 1999).  We review the district court's factual findings for clear error.  *Id.*  "[A]ll facts are construed in the light most favorable to the prevailing party below."  *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000).  The district court's application of the law to the facts is reviewed de novo.  *Id.*  "[W]e may affirm the denial of a motion to suppress on any ground supported by the record."  *United States v. Caraballo*, 595 F.3d 1214, 1222 (11th Cir. 2010).  We have made clear that "[t]he individual challenging the search bears the burdens of proof and persuasion."  *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998).  However, if "it is

2

established that the government conducted an unlawful search," the government bears the burden "to show that [the] evidence was not obtained as a direct result of the illegal search." *United States v. Crosby*, 739 F.2d 1542, 1549 (11th Cir. 1984).

Even if the government conducted a warrantless search of Mobley's car, the Fourth Amendment's warrant requirement is subject "to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). One is the "automobile exception." *Maryland v. Dyson*, 527 U.S. 465, 466 (1999) (per curiam). "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits police to search the vehicle without more." *Id.* at 467 (alteration adopted). Underlying a probable cause determination is a totality-of-the-circumstances analysis. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). On appeal, we review to ensure that there was a "substantial basis" for concluding that, under the circumstances, there was "a fair probability that contraband . . . will be found in a particular place." *Id.* at 238–39.

Here, the district court did not err in concluding that the automobile exception applied. To start, nothing suggests that the magistrate judge clearly erred in finding that Mobley's car—a Tahoe—was operational and therefore "readily mobile." And there was a substantial basis for concluding that there was a fair probability that drugs and/or firearms would be found in the Tahoe. An officer testified that (1) Mobley arrived at one of the controlled buys in the Tahoe; (2) a

3

confidential informant told the police that he twice saw Mobley exiting the car with a firearm in his waistband at controlled buys; and (3) drug traffickers commonly keep firearms in their cars.  So the district court did not err in denying the motion to suppress on this basis.

But even if the district court did err in applying the automobile exception, it also correctly denied the motion to suppress based on the exception to the exclusionary rule for inevitable discovery.  *See United States v. Johnson*, 777 F.3d 1270, 1274 (11th Cir. 2015).  Under that exception, "the government may introduce evidence that was obtained by an illegal search if the government can establish a reasonable probability that the evidence in question would have been discovered by lawful means" that it was actively pursuing before the illegal search. *Id.* (internal quotation mark omitted).  The government must show the exception's applicability "by a preponderance of the evidence" using "demonstrated historical facts."  *United States v. Terzado-Madruga*, 897 F.2d 1099, 1114 (11th Cir. 1990).

In this case, the government invoked forfeiture as its path to inevitable discovery.  "All conveyances, including . . . vehicles, . . . which are used . . . in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of illegally manufactured, distributed, dispensed, or acquired controlled substances are subject to forfeiture to the United States.  21 U.S.C. § 881(a)(4).  So too are "all proceeds traceable to . . . an exchange [for a controlled substance]."  *Id.*

4

§ 881(a)(6).  The government may seize that property in the manner set forth in 18 U.S.C. § 981(b).  21 U.S.C. § 881(b).  Per § 981(b), warrantless seizure is permissible if "there is probable cause to believe that the property is subject to forfeiture and . . . the seizure is made pursuant to a lawful arrest or search."  18 U.S.C. § 981(b)(2)(B)(i).

In this context, "[p]robable cause exists when the United States has reasonable grounds to believe that there is a substantial connection between the property charged and specific transactions involving illicit drugs."  *Nnadi v. Richter*, 976 F.2d 682, 686 (11th Cir. 1992).  Though an indirect connection will suffice, "a car is considered directly involved when it is used to transport an individual to the place where a drug transaction takes place even though it is not used to transport drugs or money."  *Id.*

Here, the district court did not err by applying the inevitable-discovery exception.  Evidence showed that there was a reasonable probability that the evidence would have been discovered by lawful forfeiture seizure of the Tahoe that the government was actively pursuing before the illegal search.  The authorities had evidence of the Tahoe's use in facilitating Mobley's drug trafficking: Surveillance showed that Mobley drove it to a controlled buy.  Beyond that, the authorities also had reason—if a bit more tenuous—to believe that Mobley had access to the Tahoe from proceeds of drug trafficking because Mobley was not

5

otherwise lawfully employed.  Though the government did not show that Mobley

had bought the car, it did show that he possessed the Tahoe for over two months

before the search.  As for active pursuit, an officer testified that, before the search,

the authorities had discussed the Tahoe's seizure due to its connection to Mobley's

drug trafficking and then, on the day of the search, they in fact seized the Tahoe

and performed an inventory search.  Other officers corroborated this testimony.  So

the district court did not clearly err in finding that the plan to seize the Tahoe

predated the search.  Therefore, the district court did not err in denying the motion

to suppress on this basis.[1]  Accordingly, we affirm as to this issue.

## II

We review de novo a defendant's challenge to the constitutionality of his

sentence.  *United States v. Sanchez*, 586 F.3d 918, 932 (11th Cir. 2009).

The Eighth Amendment provides, among other things, that cruel and

unusual punishments shall not be inflicted.  U.S. Const. amend. VIII.  In examining

an Eighth Amendment claim in a non-capital case, we follow a two-part test:

(1) "we determine whether the sentence is grossly disproportionate to the offense

committed"; and (2) if so, "we then consider sentences imposed on others

convicted of the same crime." *United States v. Suarez*, 893 F.3d 1330, 1336 (11th

---

[1] To the extent that Mobley argues that his incriminating statements were also inadmissible, this argument fails because, as discussed, the evidence recovered from the Tahoe was admissible.

Cir. 2018) (internal quotation mark omitted), *cert. denied*, 139 S. Ct. 845 (2019).

The defendant bears the burden of making that first showing. *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (per curiam). As recently as 2018, we observed that "it appears we have never held that a non-capital sentence for an adult has violated the Eighth Amendment." *Suarez*, 893 F.3d at 1336.

"Generally, sentences within the statutory limits are neither excessive, nor cruel and unusual under the Eighth Amendment," because we "accord substantial deference" to Congress's "broad authority to determine the types and limits of punishments for crimes." *United States v. Bowers*, 811 F.3d 412, 432 (11th Cir. 2016). In this case, Congress has set the punishment for possession of a firearm equipped with a silencer in connection with a drug-trafficking crime at minimum 30 years' imprisonment. 18 U.S.C. § 924(c)(1)(B)(ii). We have held that a 30-year statutory mandatory-minimum sentence under § 924(c)(1)(B)(ii) for "the serious nature of" possession of a machine gun in furtherance of a drug-trafficking crime was not grossly disproportionate to the offense, because the defendant there attempted to possess and distribute a large quantity of drugs "and equipped himself with tools for violence." *United States v. Haile*, 685 F.3d 1211, 1214–15, 1222 (11th Cir. 2012) (per curiam).

Here, Mobley fails to carry his burden to show that his sentence is grossly disproportionate to his offense conduct. First, he argues that the authorities found

an unattached silencer in an unoccupied vehicle.  But a silencer need not be attached to a firearm at the time the firearm was found for § 924(c)(1)(B)(ii) to apply.  *See United States v. Charles*, 469 F.3d 402, 407–08 (5th Cir. 2006), *cert. denied*, 549 U.S. 1273 (2007).  Second, Mobley argues that he did not act violently and that there are no alleged victims related to the silencer.  The statute requires neither of these conditions to apply.  Lastly, he argues that Alabama law provides for legal ownership and use of silencers for hunting.  But Mobley's insinuation that he could have used the silencer for a valid purpose rings hollow because he was a convicted felon and does not allege that he could lawfully possess a gun at all, much less one with a silencer.

Significantly, the district court imposed the mandatory minimum sentence of 30 years, the lowest punishment that Congress gave for this offense.  We note also that Mobley's conduct is comparable to that in *Haile*, which in that case justified the same 30-year sentence under the same statute and did not violate the Eighth Amendment.  Here, Mobley was engaging in ongoing drug trafficking; possessed substantial drug quantities, multiple weapons, and surveillance equipment; and carried a weapon during drug transactions.  For these reasons, and because Mobley offers no other bases for concluding that his sentence is grossly disproportionate to his offense conduct, we cannot conclude that his sentence violated the Eighth Amendment.  Accordingly, we affirm.

8

**AFFIRMED.**