**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4223**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JAMES LORENZO THOMAS, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:17-cr-00526-PX-1)

Submitted: July 20, 2020                          Decided: August 3, 2020

Before GREGORY, Chief Judge, MOTZ and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jenifer Wicks, THE LAW OFFICES OF JENIFER WICKS, Takoma Park, Maryland, for Appellant. Robert K. Hur, United States Attorney, Baltimore, Maryland, Timothy Francis Hagan, Jr., Assistant United States Attorney, Elizabeth G. Wright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Lorenzo Thomas, Jr., was convicted by a jury of three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2018); three counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2018); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2018), and was sentenced to 300 months' imprisonment. Thomas appeals, arguing that the district court erred in denying his motion to suppress evidence seized from a motor vehicle. Finding no error, we affirm.

The charges arose from the armed robbery of three stores in Prince George's County, Maryland on April 6, 2017. The last of the stores robbed was a GameStop and, in addition to cash from the register, the robbers took several PlayStation and Xbox game consoles from the storage room. One of those game consoles contained a GPS tracking device which led police to the getaway car—a green 1995 Toyota Camry parked in Camp Springs, Maryland. Thomas, who was seated in the driver's seat, and his passenger, Nathan Latimore, matched the physical descriptions of the robbers given to police by the victims. The game consoles were visible on the back seat of the car. Thomas and Latimore were arrested and the vehicle was towed to the Prince George's County Evidence Unit.

Six days later, a search of the vehicle revealed, inter alia, a .40 caliber semiautomatic firearm, approximately $574 in currency, a black ski mask, and five unopened video game consoles (including the GPS tracker activated by GameStop after the robbery). Thomas filed a motion to suppress evidence seized from the vehicle, arguing: (1) that the automobile exception did not apply, and (2) that the search warrant was invalid. The

2

district court denied the motion on the grounds of the automobile exception and did not reach the issue of the validity of the warrant.

When reviewing a district court's ruling on a motion to suppress, we review the district court's "legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Kolsuz*, 890 F.3d 133, 141-42 (4th Cir. 2018). Under the automobile exception to the search warrant requirement, the police can search a vehicle without first obtaining a warrant if they have probable cause to believe the car contains contraband or evidence of illegal activity. *Maryland v. Dyson*, 527 U.S. 465, 466, 467 (1999), *California v. Acevedo*, 500 U.S. 565, 580 (1991). Here, the police had probable cause to believe the Camry contained evidence of the robberies—the stolen game consoles were tracked to the vehicle and plainly visible on the back seat of the car.

The automobile exception continues to apply even after the vehicle is towed and impounded. *See Florida v. Meyers*, 466 U.S. 380, 382 (1984) (upholding warrantless search of a vehicle after "the element of mobility was removed" because the automobile had been impounded); *United States v. Gastiaburo*, 16 F.3d 582, 586 (4th Cir. 1994) ("[T]he justification to conduct a warrantless search under the automobile exception does not disappear merely because the car has been immobilized and impounded."). Indeed, this court has held that a delay between the establishment of probable cause to search the automobile and the subsequent warrantless search of the automobile is "legally irrelevant." *Gastiaburo*, 16 F.3d at 586-87. Thomas' reliance on *Collins v. Virginia*, __ U.S. ___, 138 S. Ct. 1663 (2018) is misplaced. In *Collins,* police conducted a warrantless search of a

3

vehicle parked within the curtilage of the defendant's home.  The Supreme Court held that the automobile exception did not extend to vehicles parked within the curtilage of a private homeowner.  Thomas' vehicle was not parked at his home.  Accordingly, *Collins* has no bearing upon his case.

Like the district court, we need not reach the validity of the warrant issued to search the vehicle as the search comes within the automobile exception to the warrant requirement.  Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4