**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4509**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

DARRELL ALAN HARRIS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Senior District Judge.  (3:22-cr-00018-FDW-SCR-1)

_____

Submitted:  September 9, 2025                  Decided:  November 26, 2025

_____

Before WILKINSON and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  John G. Baker, Federal Public Defender, Ashley A. Askari, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Alan Harris was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C.§§ 922(g)(1), 924(a)(2), following a stipulated bench trial. On appeal, Harris challenges the district court's denial of his motion to suppress the firearm seized during the search of his vehicle after a traffic stop. Harris argues that the odor of marijuana emanating from the vehicle during the stop did not establish adequate justification for the search. For the following reasons, we affirm.

"When, as here, a district court denies a motion to suppress, we review the court's legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Turner*, 122 F.4th 511, 516 (4th Cir. 2024) (citation modified), *cert. denied*, 145 S. Ct. 1894 (2025). The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. Warrantless searches "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *California v. Acevedo*, 500 U.S. 565, 580 (1991) (citation modified).

One exception to the warrant requirement concerns automobiles because of their inherent mobility and the risk that contraband inside the vehicle could disappear while officers obtain a search warrant. *California v. Carney* 471 U.S. 386, 390-91 (1985). Accordingly, "[p]olice officers do not need a warrant to search an automobile if they have probable cause to believe it contains evidence of criminal activity." *United States v. Patiutka*, 804 F.3d 684, 690 (4th Cir. 2015) (citing *United States v. Ross*, 456 U.S. 798, 809 (1982)); *see also Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (per curiam) ("If a car

2

is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." (citation modified)).

"We have repeatedly held that the odor of marijuana alone can provide probable cause to believe that marijuana is present in a particular place." *United States v. Jones*, 952 F.3d 153, 158 (4th Cir. 2020) (citation modified). Thus, marijuana odor emanating from a vehicle is sufficient to justify a law enforcement officer's probable cause to search that vehicle. *United States v. Palmer*, 820 F.3d 640, 650 (4th Cir. 2016). While Harris asks us to reconsider this precedent, "one panel cannot overrule another." *United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021). We therefore conclude that the district court did not err in denying Harris's motion to suppress.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*